EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Aprobación del Reglamento del Programa de Educación Jurídica Continua | 2005 TSPR 44 163 DPR ____ |

Número del Caso: ER-2005-4

Fecha: 8 de abril de 2005

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aprobación del
Reglamento del Programa de
Educación Jurídica Continua

**RESOLUCIÓN**

San Juan, Puerto Rico, a 8 de abril de 2005.

En virtud del poder inherente del Tribunal de reglamentar la profesión jurídica en Puerto Rico y en virtud del cumplimiento de la facultad conferida a la Junta de Educación Jurídica Continua en la Regla 8(d)(7) del *Reglamento de Educación Jurídica Continua* aprobado por el Tribunal Supremo de Puerto Rico el 30 de junio de 1998, se promulga el presente Reglamento del Programa de Educación Jurídica Continua, el cual entrará en vigor 18 meses a partir de su aprobación. El texto completo del Reglamento se hace formar parte de esta Resolución.

El Tribunal agradece a los miembros de la Junta de Educación Jurídica Continua su excelente labor y cumplimiento con la encomienda que les fue delegada. Agradece, también, la contribución y participación del Colegio de Abogados de Puerto Rico en el proceso de elaboración del Proyecto presentado por la Junta.

La presente Resolución tiene efectividad inmediata.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Fuster Berlingeri emitió un voto disidente.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Aprobación del
Reglamento del Programa de
Educación Jurídica Continua

**Voto Disidente del Juez Asociado señor FUSTER BERLINGERI.**

San Juan, Puerto Rico, a 8 de abril de 2005.

> *"Mandatory continuing legal education is an extreme solution when the scope of the problem hasn't been identified".*
>
> David Epstein,
> Pasado Presidente
> Programa Educación Jurídica
> Continúa del D.C.

Hace alrededor de veinticinco años acepté una encomienda del Colegio de Abogados y organicé junto con otros colegiados su Instituto de Educación Práctica. Dicho Instituto se creó con el fin particular de atender el creciente reclamo dentro de la profesión puertorriqueña para que se ofrecieran más programas de educación continua en el país que los que existían hasta entonces. Fui el primer director de dicha entidad y establecí su primer programa de **educación continua** para abogados.

Durante mi incumbencia allí se celebraron numerosas actividades de educación continua a las que asistieron en conjunto miles de abogados.

Menciono el dato anterior para hacer hincapié en que desde décadas he sido un fiel creyente en la educación continua de los miembros de la profesión jurídica; y que fui uno de los pioneros del esfuerzo por lograr que hubiesen en el país programas educativos adecuados y suficientes para que los abogados de Puerto Rico pudiesen mantenerse al día y mejorar sus conocimientos y destrezas profesionales a través de dichos programas.

Ahora, sin embargo, me veo obligado por razones de conciencia, a expresar mis serias reservas con respecto a la implantación por el Tribunal Supremo de un programa de educación jurídica continua **obligatoria**. No es que no siga creyendo de modo entusiasta en la educación continua. Lo que me preocupa es que se **imponga** un programa **obligatorio**.

Mis serias reservas surgen, en primer lugar, porque no creo que la imposición de un programa obligatorio **sea necesaria**. En la actualidad existen en Puerto Rico múltiples ofrecimientos de educación continua que son aprovechados por miles de abogados todos los años. El Colegio de Abogados, las cuatro escuelas de Derecho del país, varios bufetes de abogados, la Asociación de Notarios, el Fondo de Fianza Notarial, OCALARH[1], el National Business Institute (NBI), la Association of Labor Relations Practitioners, el Colegio de Contadores Públicos Autorizados, y varias otras entidades profesionales o privadas llevan a cabo

---

[1] Oficina Central de Asesoramiento Laboral y de Administración de Recursos Humanos.

regularmente numerosas actividades de educación jurídica continua, que son aprovechadas según nos consta por **muchos miles** de abogados todos los años. Existe en Puerto Rico ya, pues, **una red de organizaciones bien afincadas que se encargan de ofrecer a la profesión jurídica una amplia y variada selección de ofrecimientos de educación continua.** Todo ello sin contar las múltiples oportunidades de educación continua que existen en Estados Unidos y en países del extranjero a las que acuden cientos de abogados puertorriqueños todos los años.

Cabe entonces preguntarse para qué o porqué es necesario que el Tribunal Supremo sobre imponga ahora, por encima de esta realidad, su propio programa de educación jurídica obligatoria. **¿Qué razones de preeminente interés público justifican que, en una época en que la profesión misma está auspiciando los múltiples programas de educación jurídica continua que han proliferado en el país, el Tribunal Supremo imponga so pena de desaforo la obligación de cursar un mínimo de créditos de educación continua?**

No es razonable suponer que el motivo para ello sea que el Tribunal estima que la referida educación continua que existe actualmente es inadecuada o insuficiente. No lo es porque ni el Tribunal ni su Junta de Educación Continua han realizado estudio a fondo alguno que permita tales conclusiones. Es decir, el Tribunal ha aprobado su referido programa de educación continua **sin tener ninguna prueba de peso de que la educación continua que se ofrece actualmente en el país sea inadecuada o insuficiente.**

Sobre este particular, debe señalarse además que ante el Tribunal de ordinario no se presentan querellas contra abogados por falta de competencia o por no estar al día con los nuevos

desarrollos jurídicos. Si se examinan las docenas de casos de disciplina que este Foro atiende todos los años, se encontrará que nunca se ha sancionado a algún abogado por falta de conocimiento o destrezas jurídicas.

Es por todo lo anterior que persiste la interrogante crucial de a qué **interés público preeminente** responde el programa de educación continua obligatoria que el Tribunal le impone a la profesión ahora.

Puede conjeturarse que la mayoría del Tribunal estima que el programa obligatorio es necesario porque no todos los abogados del país asisten a los programas de educación jurídica continua voluntarios que se ofrecen en la isla o fuera de ella actualmente. No cabe duda de que deben haber muchos abogados en el país que no cursan ningún programa de educación continua regularmente. Sin embargo, esta realidad, **cuya dimensión desconocemos**, no justifica el "remedio" de un programa de educación continua obligatoria como el que el Tribunal ahora impone. El que haya un número de abogados que no cursen los programas existentes de educación continua no justifica el decreto obligatorio de este Tribunal porque siempre habrán profesionales que no necesitan de estos programas. Nótese, en primer lugar, que el propio programa del Tribunal **exime a miles de abogados** del requisito en cuestión. Este no aplica a los jueces y magistrados estatales o federales, a los profesores de derecho, a los abogados inactivos, a determinados abogados en el servicio público, a los abogados con sólo dos años o menos de ejercicio profesional, y a otros.

En segundo lugar, en la profesión existen muchos abogados que son autodidactas, es decir, que se ocupan de mantenerse al día y

mejorarse continuamente **por sus propios esfuerzos.** Muchos de estos, por ejemplo, utilizan los medios tecnológicos que crecientemente existen para tales fines, desde el advenimiento de las computadoras. Para estos abogados, los programas educativos formales no son necesarios. Otros abogados aprovechan sus vacaciones, o recesos laborales análogos, para viajar a Estados Unidos o al extranjero y asistir a programas educativos que son de su particular interés, y por ello no patrocinan los de Puerto Rico.

Existe, por otro lado, una razón muy distinta a las anteriores en virtud de la cual no se justifica que el Tribunal pretenda imponerle un requisito de educación continua a lo que creo es una minoría de abogados que no cursan ninguno de los programas ya existentes en el país. Es que el intento de **obligar** a educarse al que no quiere hacerlo, es una *vana ilusión*. No dudo de que debe existir alguna **minoría** de abogados a quienes la educación continua propia o formal no les interesa. Posiblemente se trate de abogados cuyo ejercicio profesional consiste de prácticas rutinarias sencillas, por lo que no sienten la necesidad de continuar educándose. **A estos "letrados" le será de poca o ninguna utilidad la asistencia por obligación legal a unas pocas horas de educación continua.** Si hay alguna idea que abrumadoramente sostienen los especialistas en educación y en psicología educativa hoy día es que el proceso de enseñanza-aprendizaje, sobre todo de personas adultas, acontece en función del **interés** que la persona tenga en aprender y del envolvimiento activo de ésta que resulte de ese interés. **Es prácticamente imposible educar al que no quiere aprender.** Es precisamente por ello que los programas de educación

continua obligatoria en otras jurisdicciones y en otras profesiones **han fracasado** en cuanto a los que más lo necesitaban.[2] Y es también por ello que la educación continua obligatoria ha adquirido **mala fama** en otras jurisdicciones y otras profesiones cuando para hacer atractivos los programas ha sido necesario desarrollarlos en hoteles o cruceros exóticos en los que el aspecto de **diversión** predomina por mucho el mínimo educativo.

Resulta, pues, una terrible y onerosa ironía que el costoso y complicado programa que el Tribunal intenta establecer ha de ser ineficaz precisamente para los destinatarios particulares a quienes el Tribunal más pretende afectar. No ha querido la mayoría de este Foro aceptar la triste realidad que recoge el aforismo que dice que "al

---

[2] En muchos de los programas referidos es conocida la práctica de muchos de matricularse en el programa para recibir el certificado del curso, pagar la cuota y luego **no asistir** a las conferencias o al componente académico del programa.

caballo se puede llevar obligado al abrevadero, pero no se le puede obligar a beber". Para imponer su inlograble propósito la mayoría está dispuesta a establecer todo un elaborado entramado de una Junta con director ejecutivo, reglamentos, procesos de acreditación, cuotas, certificación de proveedores, disciplinamiento, mecanismos alternos, etc., cuyo único impacto real será añadirle más engorroso trabajo al propio Tribunal, y complicarle la vida a la mayoría de los abogados que sí interesan cursar estudios de educación continua, **según sus propios medios, circunstancias y preferencias se lo permitan.** Tales abogados se verán precisados a ajustar sus propias intenciones con respecto a la educación continua que planificaban cursar, a las exigencias del programa del Tribunal. En lugar de seguir sus propios planes tendrán que ajustarse a lo requerido judicialmente. Y así se coacciona la voluntad y se menoscaba la autonomía de la mayoría de los abogados, los interesados en mejorarse, en aras del fútil intento de obligar a educarse a las minorías a quien no le interesa hacerlo. En efecto, el programa de educación continua que la mayoría del Tribunal ha de imponer ahora tiene la naturaleza de una "camisa de fuerza" sobre lo que debía ser un proceso abierto y flexible, afincado en lo que los propios abogados promueven y auspicien auténticamente conforme a lo que les interesa. En una época cuando prevalece la idea de que la educación sólo florece en el terreno fértil de la participación activa y entusiasta del que se educa, una mayoría del Tribunal se aferra a la retrograda e ilusoria noción de la "educación" obligatoria.

II

Para poner en perspectiva mi fundamental reserva a que se obligue a los abogados que no lo interesan a cursar un currículo mandatorio de educación jurídica continua, conviene repasar brevemente la historia de la educación continua en Estados Unidos,[3] de donde se ha copiado lo que la mayoría del Tribunal ahora decreta.

La idea de promover la educación continua de abogados fue adoptada formalmente por la American Bar Association (ABA) en 1937. En ese año, la ABA decidió oficialmente que dicha organización debía promover un programa nacional de educación jurídica continua.

Sin embargo, no fue hasta una década más tarde, en 1947, cuando la ABA junto con el American Law Institute (ALI) instituyeron un programa concreto de promoción de la educación jurídica continua. Se creó entonces lo que hoy se conoce como el ALI-ABA Joint Committee on Continuing Education, que se dio a la tarea de estimular el desarrollo de programas de educación continua en los distintos estados de la nación americana, interactuando activamente con las escuelas de derecho y los colegios de abogados estatales.

---

[3] Lo que se relata aquí está tomado principalmente de Rocio T. Aliaga, *Framing The Debate On Mandatory Continuing Legal Education...*, 8 Geo. J of L.E. 1145 (1995); y J.S. Roth, *Mandatory Continuing Legal Education Valid Under The U.S. Constitution?*, 11 Whit. L. Rev. 639 (1989).

Véase, además, H. Friday, *Continuing Legal Education: Historial Background, Recent Development, and the Future,* 50 St. John's L. Rev. 502 (1976).

El móvil que impulsó este desarrollo fue la **percepción negativa de la profesión en la opinión pública americana**. La creciente crítica popular hacia los abogados engendró la necesidad de crear en éstos una clara conciencia de su responsabilidad profesional, y los líderes de la profesión americana estimaron que la educación continua podía ser el instrumento para encarar el problema. La crítica pública a la profesión americana propició que proliferaran los programas de educación continua **voluntarios**, cónsono con la promoción de éstos que inicialmente impulsaron el ABA y el ALI.

Sin embargo, la situación de crítica pública adversa a la abogacía se agravó en la década del 1970, sobre todo por razón del escándalo de Watergate. Como señalan dos comentaristas,

> "Criticism of the legal profession was swelling in the early 1970's" (Aliaga, *supra*) y "the profession was being subjected to scorn from the public due to the Watergate scandal" (Roth, *supra*).

La respuesta a esta renovada crítica popular fue el establecimiento de programas **mandatorios** de educación continua. En 1975, tales programas se adoptaron en Minnesota y Iowa. Para el final de esa década, siete otras jurisdicciones estatales también tenían programas de educación jurídica obligatoria. Posteriormente, en 1986 ABA urgió a todas las jurisdicciones estatales a establecer dichos programas mandatorios, y para el 1995 treinta y tres estados de la Unión americana requerían algún tipo de educación jurídica continua.

**La ola, sin embargo, ha comenzado a retroceder**. En la literatura erudita reciente de la profesión americana la idea de la educación continua **obligatoria** es objeto de grave reprobación.

Véase, Aliaga, *supra*; J. Joseph, *Mandatory Continuing Education: An Opponent's View*, Jan. 1987 Illinois Bar Journal 256; L.A. Grigg, *The Mandatory Continuing Legal Education Debate: Is It Improving Lawyer Competence or Just Busy Work?*, 12 BYU J. of Pub. L. 417 (1998); A. Jacobius, *The Dry Well of MCLE*, Nov. 1996 Col. Law 15; D. Thomas, *Why Mandatory CLE is a Mistake*, 6 Utah B. J. 14(1993); V. Rubino, *MCLE: The Downside*, Jan. 1992 CLE J. 15 (1992); *Report of the Chicago Council of Lawyers on MCLE*, Jan. 1990 CLE J. 5; C. Harlan, *MCLE Faulted by State Bar Groups*, Wall St. J., Oct. 12, 1988; A.W. Ogden, *MCLE: A Study of Its Effects*, The Colo. Law 1789 (1984); J. Grover, *Valuable Training or Another Boondoggle: DC Bar Takes a Long Look at Mandatory CLE*, Legal Times, Sept. 14, 1992, pág. 13; J. Joseph, *Compulsory Continuing Legal Education Is a Costly Mistake*, CBA Rec., Oct. 1992, pag. 11. Ello porque **no se ha probado que tal educación continua obligatoria sea efectiva.** En efecto, en un importante informe sobre el particular se reconoce que no existe evidencia científica alguna de que la educación jurídica continua mandatoria sea efectiva. Véase, D.C. Bar, *Mandatory Continuing Legal Education Task Force Report*, (1995). Ello, junto al hecho de que determinadas empresas y entidades consideran la educación jurídica continua como un **negocio muy lucrativo ("a way to increase funding and as a potential financial windfall")** [4] ha dado lugar a que proliferen los cuestionamientos en la literatura profesional americana sobre los programas mandatorios de educación jurídica continua.

---

[4] Jacobius, *supra*.

Es por lo anterior que constituye una verdadera paradoja que el Tribunal Supremo de Puerto Rico adopte un programa de educación jurídica continua so pena de desaforo precisamente cuando en Estados Unidos, donde se originó esta práctica tan pedagógicamente errada, la misma está en franco retroceso y crecientemente desacreditada. ¡El mimetismo de todo lo americano nos lleva a abordar el barco cuando los tripulantes originales lo están abandonando!

III

Para concluir, quiero señalar que aparte de mis graves reservas con la idea misma de imponer obligatoriamente un programa de educación jurídica continua, tengo además al menos otras dos preocupaciones serias con respecto al programa concreto del Tribunal.

**Materias a cursarse**

El propósito que supuestamente persigue el Tribunal al ordenar el establecimiento de un programa mandatorio de educación jurídica continua es el de procurar que los abogados **se mantengan al día** en la jurisprudencia, en la legislación, y en general en los nuevos desarrollos del Derecho. Así se hace constar expresamente en la Regla 3 que expresa el propósito del programa referido.

Sin embargo, en ninguna parte de dicho Reglamento se dispone que se desarrollaran cursos específicamente dirigidos a tales fines. Lo único que se señala sobre el **contenido** de los cursos es que las materias deberán contribuir **"al desarrollo de la**

**competencia y destrezas profesionales para el ejercicio de la abogacía...**", lo que constituye una designación vaga en extremo de lo que puede incluirse en el currículo de la educación continua a impartirse.

Es a la vez sorprendente y curioso que un Reglamento pródigo en disposiciones sobre numerosos aspectos del programa mandatorio que se ordena, no tenga nada concreto sobre el supuesto propósito particular de todo este esfuerzo. Esta falla del Reglamento abre las puertas a que se pueda ofrecer todo tipo de materias o cursos, sin gran énfasis en lo que supuestamente se persigue, que es mantener al día al abogado con respecto a la nueva jurisprudencia, nueva legislación y nuevos desarrollos doctrinales.

No tengo reservas a que la educación continua abarque la más amplia variedad de temas y tópicos; pero, si el esfuerzo del Tribunal persigue un propósito particular que justifica este controversial ejercicio de su poder sobre la profesión, el logro de tal propósito para la educación mandatoria debía estar propiamente regulado, y en este Reglamento no lo está.

### B. <u>Proveedores y asistencia a los cursos</u>

Cuando este Foro aprobó por primera vez en 1998 su primer dictamen sobre el establecimiento de un programa de educación continua obligatoria, acordamos **unánimemente** que el programa previsto tendría los mecanismos necesarios para evitar **dos prácticas deletéreas** que admitíamos habían plagado a los programas obligatorios en otras jurisdicciones y en otras profesiones. Una de éstas es la **proliferación de proveedores** de cursos de educación

continua que movidos por consideraciones de **lucro** están dispuestos a ofrecer programas académicamente inadecuados para acomodar al abogado que no tiene otro interés que cumplir con el requisito del Tribunal. El eminente educador puertorriqueño y antiguo Rector del Recinto de Río Piedras de la Universidad de Puerto Rico, Don Ismael Rodríguez Bou, llamaba "chinchales" educativos a tales "empresas". **Nuestro parecer entonces era que la educación continua prevista debía ser conducida sólo por las escuelas de Derecho y el Colegio de Abogados**, para evitar este problema, aunque conocíamos de algunos pocos bufetes que realizaban buenos programas.

La otra mala práctica a evitar era la del abogado que se matriculaba en un programa, pagaba la cuota, quedaba "certificado" para fines del requisito del Tribunal, pero luego no asistía al curso en cuestión. Para evitar lo anterior, concluimos que al final de cada curso debía haber algún examen sencillo que comprobara al menos que el abogado matriculado estuvo presente en el curso y se enteró en general de cuáles fueron los asuntos discutidos.

En el programa aprobado ahora por la mayoría del Tribunal **ninguna** de las dos medidas restrictivas que acordamos originalmente subsiste. En cuanto al primer asunto de la **calidad académica del proveedor** se establece una reglamentación pero la realidad es que **cualquier bufete o entidad privada o pública puede llegar a ser un proveedor**. Y sobre la efectividad del curso, se dispone unas vagas evaluaciones eventuales del aprovechamiento, y no se incluye el examen referido.

Con arreglo a mi experiencia de más de dos décadas en la educación jurídica en Puerto Rico y fuera del país, tengo un enorme escepticismo en cuanto a que las dos prácticas referidas puedan obviarse realmente en el programa del Tribunal como ha sido aprobado. En la medida de que dichas prácticas acontezcan, los propósitos que el programa procura quedarán burlados.

Las dos prácticas referidas son **inherentes** a los programas educativos **obligatorios**. No existen en los programas de educación continua voluntarios, que **nacen** del interés auténtico de los abogados que quieren mantenerse al día y mejorarse profesionalmente, y que se **rigen** naturalmente por las expectativas serias que tienen tales abogados.

Es por todo lo anterior que me veo impedido de apoyar el programa aprobado por la mayoría del Tribunal.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

# TRIBUNAL SUPREMO DE PUERTO RICO
# JUNTA DE EDUCACIÓN JURÍDICA CONTINUA



REGLAMENTO DEL PROGRAMA DE

EDUCACIÓN JURÍDICA CONTINUA

*Abril de 2005*

# REGLAMENTO DEL PROGRAMA DE EDUCACIÓN JURÍDICA CONTINUA

## TABLA DE CONTENIDO

**Página**

**CAPÍTULO I - DISPOSICIONES GENERALES**

Regla 1 – Base Legal.................................................................... 1

Regla 2 – Título ........................................................................... 1

Regla 3 – Misión ......................................................................... 2

Regla 4 – Aplicabilidad ................................................................ 3

Regla 5 – Definiciones................................................................. 9

**CAPÍTULO II – JUNTA DE EDUCACIÓN CONTINUA**

Regla 6 – Miembros: Nombramiento, Facultades y Limitaciones........................ 12

Regla 7 – Reuniones ................................................................... 12

Regla 8 – Director Ejecutivo o Directora Ejecutiva ............................................. 13

Regla 9 – Funciones del Director(a)....................................................... 13

**CAPÍTULO III – ACREDITACIÓN DE EDUCACIÓN JURÍDICA CONTINUA**

Regla 10 – Curso Acreditable: Requisitos............................................... 15

Regla 11 – Aprobación de Cursos: Requisitos................................................ 16

Regla 12 – Cursos Ofrecidos por Entidades Profesionales Privadas: Requisitos... 19

Regla 13 – Cursos Ofrecidos por Entidades Profesionales Públicas: Requisitos ... 21

Regla 14 – Cómputo de Créditos................................................... 22

**Página**

Regla 15 – Cursos Ofrecidos Mediante el Uso de Mecanismos No Tradicionales
de  Enseñanza y Aprendizaje............................................................ 24

Regla 16 – Requisito de Divulgación Efectiva ...................................................... 24


**CAPÍTULO IV –PROVEEDORES**

Regla 17 – Proveedor Certificado:  Requisitos;  Procedimiento ........................... 25

Regla 18 – Certificación Provisional de Proveedores ........................................... 28

Regla 19 – Deberes del Proveedor Sobre Aprovechamiento Académico .............. 29

Regla 20 – Recursos............................................................................................. 31

Regla 21 – Actividades No Relacionadas con Educación Jurídica Continua........... 32

Regla 22 – Deber de Proveer Acomodo Razonable ............................................. 32

Regla 23 – Expedientes de los Cursos ................................................................. 33


**CAPÍTULO V – PROCEDIMIENTOS ANTE LA JUNTA**

Regla 24 – Peticiones .......................................................................................... 34

Regla 25 – Evaluación;  Determinación................................................................ 35

Regla 26 – Revisión de las Decisiones del Director(a) ......................................... 35

Regla 27 – Revisión ante el Tribunal Supremo .................................................... 36


**CAPÍTULO VI – CUMPLIMIENTO POR PROFESIONALES DEL DERECHO**

Regla 28 – Mínimo de Horas Crédito;  Informe de Cumplimiento......................... 37

Regla 29 – Aviso de Incumplimiento.................................................................... 37

Regla 30 – Cumplimiento Tardío ........................................................................ 38

*Página*

Regla 31 – Incumplimiento;  Citación ............................................................... 39

Regla 32 – Vista Informal ante el Director(a) ................................................... 39

**CAPÍTULO VII – MECANISMOS ALTERNOS DE CUMPLIMIENTO Y OTRAS DISPOSICIONES**

Regla 33 – Participación como Recurso ........................................................... 41

Regla 34 – Publicación de Obras de Contenido Jurídico .................................... 41

Regla 35 – Estudios de Maestría y Doctorado.................................................. 42

Regla 36 – Participación en Comisiones, Juntas, Comités del Tribunal Supremo
y como Redactor(a) o Corrector(a) de Reválida ............................... 42

Regla 37 – Acreditación Retroactiva ................................................................ 43

Regla 38 – Notificaciones del Director(a) o de la Junta;  Modos de Realizarlas .... 44

Regla 39– Situaciones no Previstas ................................................................. 45

Regla 40 – Separabilidad ................................................................................ 46

Regla 41 – Vigencia ........................................................................................ 46

# REGLAMENTO DEL PROGRAMA DE EDUCACIÓN JURÍDICA CONTINUA

**CAPÍTULO I          DISPOSICIONES GENERALES**

**REGLA 1.    BASE LEGAL**

Este reglamento se promulga en virtud de la facultad conferida a la Junta de Educación Jurídica Continua en la Regla 8(d)(7) del *Reglamento de Educación Jurídica Continua* aprobado por el Tribunal Supremo de Puerto Rico el 30 de junio de 1998.

**COMENTARIO**

La Regla 8(d)(7) del *Reglamento de Educación Jurídica Continua*, de junio de 1998, establece que la Junta de Educación Jurídica Continua adoptará las reglas necesarias para lograr la administración eficiente del programa de educación jurídica continua.

**REGLA 2.    TÍTULO**

Este Reglamento se conocerá como *Reglamento del Programa de Educación Jurídica Continua.*

**COMENTARIO**

El título de este Reglamento identifica la función delegada a la Junta de administrar el programa de educación jurídica continua creado por el Tribunal Supremo para los abogados y las abogadas que ejercen la abogacía y la notaría en Puerto Rico.

## REGLA 3.   MISIÓN

El Tribunal Supremo de Puerto Rico, en virtud de su poder inherente para reglamentar la profesión de la abogacía y la notaría en el país, promulgó el *Reglamento de Educación Jurídica Continua* del 30 de junio de 1998 con el fin de establecer un programa de educación jurídica continua obligatoria que contribuya al mejoramiento académico de toda persona que ejerce la profesión del Derecho.  Creó, además, la Junta de Educación Continua, organismo al cual le delegó las funciones necesarias para llevar a cabo este programa y velar por el cumplimiento de los requisitos establecidos en el *Reglamento*.

Una de las funciones básicas de la Junta es certificar que los profesionales del Derecho cumplan con su deber de tomar aquellos cursos de educación jurídica aprobados por la Junta, a través de los cuales se alcancen los objetivos pretendidos.  Por consiguiente, la realización de esta misión requiere contar con un programa de educación jurídica continua administrado de manera eficiente a fin de facilitar que los profesionales del Derecho se mantengan al día en la jurisprudencia, en la legislación, en la doctrina y en las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia.

Los mecanismos establecidos en este Reglamento le permiten a la Junta llevar a cabo su misión y las demás encomiendas delegadas.  Sus reglas pretenden, además, propiciar el cumplimiento del deber ético que tiene todo profesional del Derecho de mantener un alto grado de excelencia y competencia en los servicios legales que preste.

**COMENTARIO**

La regla expresa el propósito del programa de educación jurídica continua

obligatoria establecido por el Tribunal Supremo para los profesionales del Derecho

activos en el ejercicio de su profesión, conforme disponen las Reglas 1 y 2 del

*Reglamento* de 1998.

La misión plasmada en esta Regla es cónsona con las funciones que el Tribunal Supremo delegó a la Junta de desarrollar, administrar y evaluar el programa de educación jurídica continua conforme dispone la Regla 8 del *Reglamento* de 1998. Es cónsona, asimismo, con el Canon 2 de Ética Profesional que impone a todo profesional del Derecho el deber de alcanzar un alto grado de excelencia y competencia en la profesión y de brindar representación legal adecuada, metas que ha de lograr mediante la participación en programas educativos que contribuyan a su mejoramiento profesional.

## REGLA 4.    APLICABILIDAD

(A)    Las disposiciones de este Reglamento aplican a:

(1)    todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico, así como aquellos a los que el Tribunal Supremo ha suspendido del ejercicio de la profesión legal en forma temporal o por un período de tiempo específico;

(2)    los proveedores autorizados por la Junta para ofrecer cursos de educación jurídica continua.

(B)    Todo abogado o abogada que haya sido separado del ejercicio de la profesión en forma permanente o indefinida por el Tribunal Supremo que voluntariamente interese cumplir con el Programa de Educación Jurídica Continua, podrán así hacerlo, en cuyo caso, la Junta vendrá obligada a informar semestralmente al Tribunal Supremo sobre aquellos o aquellas que cumplan con las disposiciones de este Reglamento.

(C)    Se excluye de las disposiciones de este Reglamento a:

(1)    los jueces y las juezas del Tribunal General de Justicia de Puerto Rico, durante el término de sus cargos; y a los ex jueces y juezas del Tribunal Supremo de Puerto Rico;

(2)     los jueces y las juezas de la Corte Federal para el Distrito de Puerto Rico, de la Corte de Quiebras, y los magistrados y magistradas federales, durante el término de sus cargos;

(3)     los profesionales del Derecho que cumplan con cualquiera de las siguientes características:

(a)     se dedican a la enseñanza del Derecho en universidades reconocidas por el Tribunal Supremo o por la American Bar Association, mientras desempeñen esa función;

(b)     están inactivos, ya sea por edad o por incapacidad física o mental, luego que el Tribunal Supremo les aceptó su solicitud de baja voluntaria del ejercicio de la profesión en Puerto Rico;

(c)     están exonerados del pago de la cuota anual de colegiación por razón de incapacidad para ejercer la profesión, conforme al Artículo 10 del Reglamento del Colegio de Abogados, y solicitan a la Junta que se les exima de cumplimiento;

(d)     solicitan ante la Junta y obtienen exoneración o diferimiento de la educación jurídica continua, por razones de justa causa, durante el período de tiempo concedido;

(e)     están separados del ejercicio de la profesión en forma permanente por el Tribunal Supremo.  De ser rehabilitados, corresponderá al Tribunal decidir la forma y manera de cumplimiento con las disposiciones de este Reglamento;

(f)     presentan a la Junta una certificación del Colegio de Abogados de Puerto Rico como colegiado inactivo o colegiada inactiva, según definido en la Regla 5 (13) de este Reglamento; mientras dure dicha condición de inactivo o inactiva. De ser reactivados, corresponderá a la Junta decidir la forma y manera de cumplimiento con las disposiciones de este Reglamento.

(g)     están prohibidos por mandato de ley de practicar como tales durante el término que la propia ley lo disponga.

(D)     Los profesionales del Derecho no tienen obligación de cumplir con el requisito de educación jurídica continua y las disposiciones de este Reglamento durante los dos (2) años siguientes a la fecha de su admisión inicial al ejercicio de la abogacía.

4

**COMENTARIO**

El inciso (A)(1) está basado en la Regla 2 del *Reglamento* de 1998, que establece la norma general de que la educación jurídica continua será obligatoria para todo profesional del Derecho que se mantiene activo luego de haber sido admitido por el Tribunal Supremo a ejercer la abogacía y la notaría en Puerto Rico. La frase abogado activo y abogada activa quedó definida en la Regla 3 del *Reglamento* de 1998 como toda aquella persona que, además de estar admitida al ejercicio de la profesión, es miembro del Colegio de Abogados. La Regla 5 de este Reglamento define profesional del Derecho como el o la profesional que está autorizado por el Tribunal Supremo a ejercer la abogacía y la notaría en Puerto Rico.

El inciso (A)(1) es cónsono, además, con la Regla 10 del *Reglamento* de 1998 que exige informar en la solicitud de reinstalación al ejercicio de la profesión que el profesional del Derecho continuó su educación jurídica durante el término de la suspensión y la manera en que cumplió con este requisito. Estas disposiciones advierten a los profesionales del Derecho que la suspensión del ejercicio de la abogacía o de la notaría en forma temporal no implica un relevo automático de la obligación de recibir educación jurídica continua. Ello es así porque, distinto a cuando el Tribunal decreta la separación permanente de la profesión, la suspensión temporal acarrea una alta probabilidad de que se solicite reinstalación tan pronto transcurra el término fijado, según sea el caso. Por consiguiente, requerirle al profesional del Derecho que continúe su educación jurídica durante el período de suspensión y que demuestre la manera

cómo cumplió con este requisito, sirve al propósito de que su mejoramiento profesional no se interrumpa a la vez que evita un cumplimiento retroactivo de horas crédito que podría resultar oneroso. Esta norma pretende, además, estimular al profesional del Derecho para que, durante ese período, se eduque incluso en los aspectos éticos que motivaron la suspensión. Por otro lado, la norma es beneficiosa porque establece un criterio adicional que el Tribunal Supremo podrá tomar en consideración cuando evalúe la reinstalación solicitada.

El inciso (A)(2) extiende la aplicación de este Reglamento a los proveedores de los cursos de educación jurídica continua en todo lo concerniente a la implementación del programa. Serán proveedores las entidades o instituciones que apruebe el Tribunal Supremo.

El inciso (C) de la regla incluye una lista de profesionales del Derecho que están excluidos de cumplir con el requisito de educación jurídica continua y las disposiciones de este Reglamento. La exclusión de los jueces y las juezas del sistema judicial de Puerto Rico y del sistema federal se fundamenta en que la judicatura tiene unas necesidades particulares de educación jurídica continua, las cuales deben ser atendidas con cursos y actividades propias. Conforme la Regla 2 del *Reglamento* del 1998, "La judicatura cumplirá con los requisitos mínimos de educación jurídica, conforme lo determinen las autoridades administrativas de sus respectivos sistemas".

El inciso (C)(3)(a) se basa en la Regla 7 (b) del *Reglamento* de 1998, que reconoce este mecanismo alterno de cumplimiento. Se excluye a los profesionales que se dedican a la enseñanza del Derecho en universidades reconocidas ya que a éstos la

cátedra les exige mantenerse continuamente al día en las distintas materias y porque, además, actúan como recursos en la educación jurídica continua. Este inciso aclara el texto de la Regla 7(b) al disponer que las universidades son aquellas reconocidas por el Tribunal Supremo o por la American Bar Association. La presentación de una solicitud de exoneración relacionada con la enseñanza en otras universidades podrá ser atendida al amparo del inciso (C)(3)(d) que establece la exoneración por justa causa.

El inciso (C)(3)(c) se basa en la Regla 3(b) del *Reglamento* de 1998, que define como abogado(a) inactivo al profesional del Derecho que ha sido eximido por el Colegio de Abogados del pago de la cuota anual de colegiación por razón de incapacidad para ejercer la profesión. Se basa además en la Regla 8(d)(4) del referido *Reglamento*, que faculta a la Junta para considerar las solicitudes de exención presentadas por los profesionales del Derecho que están en esa situación.

El inciso (C)(3)(d) recoge la disposición de la Regla 8(d)(3) del Reglamento de 1998, que confiere facultad discrecional a la Junta para eximir de cumplimiento o permitir un diferimiento de la educación jurídica continua en los casos en que exista justa causa para ello.

Entre las razones que pudieran ser consideradas "justa causa" para la exclusión de las disposiciones de este Reglamento está la situación de los abogados y las abogadas que ejercen en jurisdicciones de Estados Unidos, que tienen establecida junta o entidad equivalente acreditadora de la educación jurídica continua obligatoria y que cumplen con su programa.

El inciso (C)(3)(e) establece la inaplicabilidad del requisito de educación jurídica continua a los profesionales del Derecho que estén separados por el Tribunal Supremo del ejercicio de la profesión legal en forma permanente, pues en estos casos es más remota la probabilidad de que ocurra la reinstalación en un futuro cercano. La segunda oración de este inciso responde a un planteamiento de la Junta respecto a que un profesional del Derecho suspendido indefinidamente que sea reinstalado años más tarde, ciertamente carecerá de unas destrezas para el ejercicio efectivo de su profesión por el hecho de haberse desvinculado de la misma, poniendo en riesgo el interés público o el de sus clientes. La Junta recomienda que en estos casos el Tribunal Supremo requiera, como condición para la reinstalación, que el profesional del Derecho se someta a determinado entrenamiento jurídico, que como mínimo debería ser tomar los cursos de uno o más períodos de cumplimiento.

El inciso (C)(3)(f) excluye a profesionales del derecho que no practican la profesión pero continúan colegiados, con la salvedad de que si se reactivaran, la Junta podría exigir el cumplimiento de todos o algunos de los requisitos de educación jurídica continua bajo condiciones distintas a las establecidas en este Reglamento (por ejemplo, cumplir con cierta cantidad o con todos los créditos en un periodo de tiempo menor).

El inciso (C)(3)(g) podría ser de aplicación a funcionarios de gobierno o empleados cuyos puestos estén cobijados por alguna ley que les prohíba practicar su profesión mientras ocupen dichos cargos.

El inciso (D), que exonera del requisito de educación jurídica continua durante los primeros dos (2) años siguientes a la fecha de la admisión inicial al ejercicio de la

profesión, responde a la realidad de que los profesionales del Derecho recién admitidos tienen conocimientos más claros de las disciplinas de la abogacía y de la notaría por haber aprobado recientemente la reválida.

## REGLA 5.   DEFINICIONES

1.   Acomodo Razonable - Es el ajuste lógico y razonable a los requisitos establecidos en este Reglamento para la acreditación de la educación jurídica continua, que atenúe el efecto que pudiera tener el impedimento en la capacidad del profesional del Derecho para obtener un aprovechamiento efectivo de los cursos, sin que dicho ajuste resulte en cualquiera de los siguientes:

(a)   alterar fundamentalmente el objetivo del programa de educación jurídica continua obligatoria, que es alentar y contribuir al mejoramiento profesional mediante el aprovechamiento efectivo de todo curso ofrecido, conforme dispone el *Reglamento* de 1998;

(b)   imponer una carga indebida al Tribunal Supremo y a la Junta en la función administrativa de certificar el cumplimiento del requisito de educación jurídica continua.

2.   Curso autorizado – Es el curso de educación jurídica continua aprobado por la Junta porque cumple con todos los requisitos establecidos en la Regla 11 de este Reglamento.

3.   Curso de Educación Jurídica Continua – Es toda actividad educativa dirigida a los profesionales del Derecho para llenar sus necesidades de mejoramiento profesional, y diseñada con el fin de que éstos adquieran, desarrollen y mantengan los conocimientos y las destrezas necesarias para el desempeño de la abogacía y la notaría dentro de los más altos niveles de calidad y competencia.

4.   Director(a) – Persona designada para ejercer la función de Director Ejecutivo o Directora Ejecutiva de la Junta.

5.   Divulgación efectiva – Se refiere a anunciar el ofrecimiento del curso a todos los miembros del Colegio de Abogados mediante la

publicación en un periódico de circulación general en Puerto Rico o cualquier otro medio de divulgación alterno.

6.    Entidad profesional privada – Se refiere al bufete, sociedad, corporación profesional, organización o entidad privada cuyos miembros se dedican principalmente al ejercicio de la profesión legal.

7.    Entidad profesional pública – Se refiere a cualquier organización o entidad perteneciente a una agencia, departamento, corporación, instrumentalidad, entidad u organismo de las tres ramas de gobierno estatal y federal y los municipios.

8.    Junta – Se refiere a la Junta de Educación Jurídica Continua, organismo encargado de administrar el cumplimiento del requisito de educación jurídica continua, según establecido en el *Reglamento* de 1998.

9.    Período de cumplimiento – Se refiere al período de dos (2) años dentro del cual se deberá cumplir con las veinticuatro (24) horas crédito de educación jurídica continua según dispone la Regla 6 (a) del *Reglamento* de 1998 y de conformidad con el mecanismo escalonado de cumplimiento que autoriza la Regla 28(D) de este Reglamento.

10.   Profesional del Derecho – Se refiere a toda abogada y todo abogado autorizado por el Tribunal Supremo a ejercer la abogacía en Puerto Rico, excepto las y los admitidos a practicar por cortesía.

11.   Proveedor – Se refiere a la persona natural o jurídica que ofrece cursos de educación jurídica continua; de conformidad con las Reglas 11, 17 y 18 de este Reglamento.

12.   *Reglamento* de 1998 – Se refiere al *Reglamento de Educación Jurídica Continua* aprobado el 30 de junio de 1998.

13.   Colegiado inactivo o Colegiada inactiva - Profesional del Derecho que no practica la profesión pero se mantiene colegiado o colegiada según lo certifique el Colegio de Abogados de Puerto Rico.

**COMENTARIO**

Los miembros de la Junta, tras discutir ampliamente el concepto de divulgación efectiva y sus implicaciones en el contexto de la reglamentación y propósitos del programa de educación jurídica continua, concluyeron que la publicación de edictos en un periódico no satisface el requisito de la Regla 16 para que un curso sea acreditable.

Las abogadas y abogados admitidos a postular por cortesía en los tribunales de Puerto Rico en casos especiales, según lo permite la Regla 12(e) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, están excluidos de la aplicación de este Reglamento.

## CAPÍTULO II     JUNTA DE EDUCACIÓN CONTINUA

### REGLA 6.    MIEMBROS: NOMBRAMIENTO, FACULTADES Y LIMITACIONES

(A)    Los miembros de la Junta serán nombrados conforme dispone la Regla 8 del *Reglamento* de 1998.

(B)    El Presidente o la Presidenta de la Junta tendrá facultad para designar de entre sus miembros un Presidente Interino que le sustituya en cualquier momento durante su ausencia.

(C)    Durante el período de su incumbencia ningún miembro de la Junta podrá ser proveedor ni tener interés pecuniario o participación en los negocios de las entidades proveedoras de educación jurídica continua. Tampoco podrá participar como recurso en las actividades desarrolladas por los proveedores al amparo del programa de educación jurídica continua.

### REGLA 7.    REUNIONES

(A)    El Presidente o la Presidenta convocará las reuniones de la Junta. Podrá delegar esta facultad al Director(a) Ejecutivo(a) de la Junta.

(B)    Constituirá quórum la presencia de cuatro (4) miembros.  Todas las decisiones se aprobarán por la mayoría de los presentes.

(C)    Se podrá consultar a los miembros ausentes los asuntos que requieran atención inmediata, ya sea por teléfono, facsímil o correo electrónico.

(D)    Las reuniones serán grabadas cuando la Junta así lo determine. Sus deliberaciones serán de naturaleza confidencial.

(E)    Para cada reunión se preparará la minuta correspondiente, la cual deberá incluir un resumen de los asuntos discutidos y todos los acuerdos a que llegue la Junta.

(F)    Los miembros asistirán a las reuniones y, de tener inconvenientes que impidan su presencia, deberán notificarlo.

(G)    Los miembros revisarán las minutas y presentarán cualquier objeción por escrito, teléfono, facsímil o correo electrónico antes de

la reunión, o personalmente durante la misma.  De no presentar objeción, se considerará aprobada la minuta para todos los efectos, sin necesidad de traer el asunto nuevamente ante la consideración de la Junta.

## REGLA 8.    DIRECTOR EJECUTIVO O DIRECTORA EJECUTIVA

La dirección administrativa de la Junta estará a cargo de un Director(a) que nombrará el(la) Juez(a) Presidente(a) del Tribunal Supremo.

## REGLA 9.    FUNCIONES DEL DIRECTOR(A)

El Director(a) es el funcionario administrativo de la Junta que implementará este Reglamento y que tendrá las funciones necesarias para ello, entre otras, ejercerá las siguientes:

(1)    certificar proveedores;

(2)    aprobar cursos de educación jurídica continua;

(3)    custodiar y mantener bajo control todos los documentos, registros, expedientes y equipo;

(4)    expedir certificaciones a tenor con este Reglamento;

(5)    dirigir, coordinar y supervisar el personal administrativo de la Junta;

(6)    preparar las minutas de las sesiones de la Junta;

(7)    evaluar situaciones de incumplimiento con los términos y requisitos de este Reglamento y recomendar la acción correspondiente;

(8)    someter recomendaciones sobre cualquier otro asunto relacionado con el descargo de sus funciones y la administración eficiente de este Reglamento;

(9)    administrar el fondo de becas que establezca la Junta.

**COMENTARIO**

Como resultado de las discusiones respecto a los costos de los cursos y las maneras en que se puede facilitar el acceso a la educación jurídica continua a aquellos profesionales del Derecho que demuestren necesidad económica, la Junta determinó que en su momento establecerá un fondo de becas con ingresos provenientes del pago de las cuotas que dispone este Reglamento. El inciso (9) de esta regla faculta al Director(a) a administrar dicho fondo, el cual se irá generando en la medida en que lo permita el presupuesto operacional de la Junta.

## CAPÍTULO III    ACREDITACIÓN DE EDUCACIÓN JURÍDICA CONTINUA

### REGLA 10.    CURSO ACREDITABLE:  REQUISITOS

Para propósitos de acreditación, todo curso de educación jurídica continua cumplirá con los siguientes requisitos:

(1)    tener un alto contenido intelectual y práctico, relacionado con el ejercicio de la abogacía, la notaría o con los deberes y obligaciones éticas de los profesionales del Derecho;

(2)    contribuir directamente al desarrollo de la competencia y destrezas profesionales para el ejercicio de la abogacía, o la notaría;

(3)    incluir materiales educativos que le serán entregados a cada participante, ya sea en forma impresa o electrónica;

(4)    reflejar en sus contenidos que los recursos le han dedicado el tiempo necesario y que, en efecto, han de ser de utilidad para el mejoramiento del ejercicio de la profesión;

(5)    ser ofrecidos en lugar y ambiente propicios, con el equipo electrónico o técnico que sea necesario, el espacio suficiente para la matrícula y que contribuya a lograr una experiencia educativa enriquecedora a los participantes;

(6)    brindar la oportunidad de hacer preguntas directamente a los recursos o a las personas cualificadas para contestar, ya sea personalmente, por escrito o a través de los medios electrónicos o tecnología utilizada.

## REGLA  11.  APROBACIÓN DE CURSOS:  REQUISITOS

(A)     A solicitud de un proveedor

(1)     La solicitud para la aprobación de un curso será presentada en el formulario provisto por la Junta, sesenta (60) días antes de la fecha de ofrecimiento del curso, excepto que por justa causa la Junta acorte dicho término.

(2)     Con la solicitud se incluirá la información y los anejos para acreditar lo siguiente:

(a)     título y descripción general del curso;

(b)     lugar, fecha y hora;

(c)     tiempo de duración, horas contacto;

(d)     tiempo atribuible a aspectos éticos o de notaría, si aplica;

(e)     bosquejo del contenido;

(f)     nombres de los recursos y sus calificaciones profesionales;

(g)     copia de los materiales a distribuirle o mostrarle a los profesionales del Derecho participantes;

(h)     precio del curso.

(3)     De la solicitud y los anejos presentados deberá surgir que el curso cumple con los requisitos de la Regla 10 y de aplicar, los de las Reglas 12, 13 y 15.

(4)     La decisión del Director(a) será notificada al proveedor solicitante no más tarde de los quince (15) días siguientes de presentada la solicitud.

(5)     Dentro de los treinta (30) días siguientes al ofrecimiento del curso, el proveedor presentará ante la Junta lo siguiente:

(a) una lista con los nombres de los profesionales del Derecho que tomaron el curso;

(b) una certificación de que el curso estuvo disponible al público y que se administró según informado en la solicitud o, de haber ocurrido alguna variación, la descripción de ésta con la explicación de cómo la variación no debería afectar la aprobación que se le había impartido al curso;

(c) en el formulario provisto por la Junta, un informe breve sobre la evaluación del curso por los profesionales del Derecho que lo tomaron;

(d) una cuota de $3.00 por cada hora crédito tomada por cada profesional del Derecho.

(B) A solicitud de profesional del Derecho

(1) Un profesional del Derecho podrá presentar una solicitud para la aprobación o acreditación de un curso, independientemente de si el mismo lo ofrece o lo ofreció un Proveedor Certificado o cualquier otro proveedor.

(2) La solicitud será presentada en el formulario provisto por la Junta, que incluirá la siguiente información:

(a) descripción general del curso y cualquier material que el proveedor tenga disponible que explique el contenido, el nombre del recurso, lugar, día y hora, número de horas contacto, pago por concepto de matrícula y tiempo atribuible a notaría o ética, si aplica;

(b) cualquier dato sobre el proveedor que sea de utilidad para que la Junta pueda evaluar el historial del proveedor y determinar si procede acoger la solicitud.

(3) De la solicitud y sus anejos deberá surgir que el curso cumple con los requisitos de la Regla 10 de este Reglamento.

(4)     La solicitud no podrá ser presentada si han transcurrido más de seis meses desde la fecha del curso, con excepción de lo dispuesto en la Regla 37 sobre acreditación retroactiva.

(5)     Se incluirá una cuota equivalente al cinco por ciento (5%) de la cantidad pagada por tomar el curso o $15.00 por hora crédito, lo que sea menor.

**COMENTARIO**

En las evaluaciones de las solicitudes para ofrecer cursos, el Director(a) dará especial seguimiento al aspecto del precio por el ofrecimiento del curso, en el inciso (A)(2)(h), en cuanto a su razonabilidad para facilitar el acceso de todos los profesionales del Derecho al mejoramiento profesional que persigue este Reglamento.

El inciso (B)(1) de esta Regla permite al profesional del Derecho a solicitar la aprobación o acreditación de un curso que haya tomado en otras jurisdicciones.

**REGLA 12. CURSOS OFRECIDOS POR ENTIDADES PROFESIONALES PRIVADAS CON O SIN FINES DE LUCRO: REQUISITOS**

(A) Las entidades profesionales privadas con o sin fines de lucro con interés en ofrecer un curso para que se le acredite como educación jurídica a sus miembros cumplirán con lo siguiente:

(1) presentar su solicitud conforme a la Regla 11;

(2) incluir con la solicitud la información y los documentos necesarios para demostrar que el curso cumple con los requisitos de la Regla 10;

(3) acreditar que el curso será ofrecido a un costo razonable, determinado a base de la cantidad que regularmente se cobra por un curso similar en el mercado de Puerto Rico.

(4) separar, al menos, el veinticinco porciento (25%) de los espacios para que cualquier profesional del Derecho con interés pueda tomarlo como educación jurídica continua;

(5) cumplir, con el requisito de divulgación efectiva dispuesto en la Regla 16, a más tardar noventa (90) días antes de la fecha de ofrecimiento del curso;

(6) esperar, por lo menos, hasta cuarenta y cinco (45) días antes de la fecha de ofrecimiento del curso para comenzar a admitir solicitantes del público (aquellos que no están asociados con la entidad profesional privada); si, al momento de comenzar a admitir dichos solicitantes, hubiera más solicitudes del público que espacios disponibles, los participantes se escogerán al azar; si algún solicitante del público, luego de ser escogido, cancela o no remite el pago oportunamente, se deberá escoger inmediatamente a un sustituto, al azar, de entre los que hayan solicitado del público pero no hayan sido previamente escogidos;

(7) a más tardar veinte (20) días luego del día en que se ofreció el curso:

(a)    acreditar que se cumplió con el requisito de divulgación efectiva dispuesto en el inciso (A)(5) de esta Regla;

(b)    informar: (i) el número total de espacios que estuvo disponible y número de espacios que estuvo disponible a personas no asociadas a la entidad profesional privada ("público"), (ii) los nombres de las personas no asociadas a la entidad profesional privada ("público") que solicitaron y la fecha en que se recibió cada solicitud, independientemente de si fueron admitidas o de si la solicitud fue oportuna, (iii) el número de personas que fueron admitidas, (iv) los nombres de las personas admitidas que no están asociadas a la entidad profesional privada ("público"), junto a su fecha de admisión, y los nombres de las demás personas admitidas, (v) el número de personas que asistió, (vi) los nombres de las personas que asistieron y que no están asociadas a la entidad profesional privada ("público"), y los nombres de las demás personas que asistieron;

(c)    cumplir con el requisito dispuesto en la Regla 11(A)(5).

(B)    Todo curso aprobado de conformidad con el inciso (A) de esta regla será acreditado hasta una tercera parte (1/3) del total de horas requeridas en cada período de cumplimiento.

## COMENTARIO

El inciso (A) de esta regla permite acreditar aquellos cursos que los bufetes, sociedades, corporaciones profesionales o entidades privadas organizan para sus miembros, siempre y cuando su propósito sea afín con el programa de educación jurídica continua obligatoria. Los incisos (A)(4), (5), (6) y (7) se fundamentan en que los bufetes y otras entidades profesionales privadas ofrecen cursos que podrían contribuir al desarrollo de los profesionales del Derecho que no son miembros de éstas.

La Junta tomó en consideración los requisitos establecidos en otras jurisdicciones para la acreditación de estos cursos.

## REGLA 13. CURSOS OFRECIDOS POR ENTIDADES PROFESIONALES PÚBLICAS: REQUISITOS

Las entidades profesionales públicas con interés en ofrecer un curso para que se le acredite como educación jurídica continua a sus empleados(as) que sean profesionales del Derecho cumplirán con lo siguiente:

(1) presentar una solicitud en el formulario provisto por la Junta sesenta (60) días antes del ofrecimiento del curso;

(2) incluir la información y los documentos necesarios para acreditar que el curso cumple con los requisitos de la Regla 10.

**COMENTARIO**

La Regla permite la acreditación de cursos organizados por las entidades públicas con el fin de facilitar la educación jurídica continua a un costo razonable para los profesionales del Derecho en el servicio público. Estos cursos, una vez aprobados por la Junta, serán acreditados en un cien por ciento (100%). Como surge de la Regla 9(9), y su comentario, el fondo de becas, que en su momento creará la Junta servirá para ofrecer un mayor acceso a la educación jurídica continua a aquellos profesionales del Derecho con necesidad económica, y a los profesionales en el servicio público que demuestren tenerla.

## REGLA 14. CÓMPUTO DE CRÉDITOS

Las veinticuatro (24) horas crédito de educación jurídica continua se calcularán de la siguiente manera:

(1)     una hora crédito consistirá de sesenta (60) minutos de participación en actividades propias de educación legal;

(2)     el tiempo a acreditar por cursos ofrecidos únicamente a través de mecanismos no tradicionales de enseñanza y aprendizaje no excederá de una tercera parte (1/3) del total de horas crédito requeridas;  en su acreditación la Junta evaluará la naturaleza del curso, el tiempo que normalmente se requiere para completarlo y el informe que rinda el proveedor respecto al desempeño de quienes tomaron el curso;

(3)     las horas crédito tomadas en exceso del total requerido podrán ser acreditadas al próximo período de cumplimiento siempre y cuando no excedan de veinticuatro (24).

## COMENTARIO

La Regla 6 del *Reglamento de* 1998 exige veinticuatro (24) horas crédito de educación jurídica continua en un período de dos (2) años.  La Regla 3(e) de dicho *Reglamento* define el término horas crédito como aquellas horas dedicadas a la asistencia a un curso o seminario ofrecido por un proveedor reconocido y que una hora crédito se computará a base de sesenta (60) minutos.

El inciso (1) de esta regla amplía esa disposición para aclarar que los sesenta (60) minutos se refieren a participación en actividades propias de educación legal, la cual obviamente excluirá el tiempo dedicado a otras actividades que no son educación jurídica continua.  Otras jurisdicciones disponen normas específicas al respecto, por ejemplo, Regla 104(d) (Colorado);  Regla 2 (Vermont);  Regla 3(c) (Arkansas);  Regla 3.5 (Alabama);  y Sección 5(a)(2) (Pennsylvania).

La Sección 9 de las Reglas Modelo de Educación Jurídica Continua de la American Bar Association reconoce que se pueden acreditar cursos que tome el profesional del Derecho a través de mecanismos no tradicionales de enseñanza y aprendizaje, fuera del ambiente del salón de clases, siempre y cuando se cumpla con ciertos requisitos. Uno de estos requisitos es establecer una cantidad máxima de horas que se podrán acreditar en la educación jurídica continua que es completada de esta manera. La American Bar Association recomienda que ese número de horas no exceda de una tercera parte (1/3) del total de horas crédito, y que se cumpla con otros requisitos, los cuales se incluyen en el inciso (2) de esta Regla.

El inciso (3) se refiere a un aspecto del cómputo de las horas crédito que dispone el inciso (a) de la Regla 6 (a) del *Reglamento* de 1998.

**REGLA 15. CURSOS OFRECIDOS MEDIANTE EL USO DE MECANISMOS NO TRADICIONALES DE ENSEÑANZA Y APRENDIZAJE**

(A)     Se podrá acreditar cursos en que se utilicen mecanismos no tradicionales de enseñanza y aprendizaje, ya sea por correspondencia, computadora, vídeo, grabación u otros medios, sujeto a las limitaciones y requisitos establecidos en la Regla 14(2) de este Reglamento.

(B)     La solicitud para la aprobación de estos cursos cumplirá con los requisitos de la Regla 11(A)(1), (2), (3) Y (5).  El proveedor explicará cómo el curso cumple con los requisitos de la Regla 10, los fines del programa de educación jurídica continua obligatoria y este Reglamento.

(C)     La Junta evaluará caso a caso estas solicitudes y discrecionalmente podrá aprobarlas.  Todo proveedor certificado deberá someter estos cursos para aprobación previa de la Junta.

**COMENTARIO**

La preaprobación de cursos bajo las Reglas 17(c) y 18(c) no incluye a estos cursos.

**REGLA 16.     REQUISITO DE DIVULGACIÓN EFECTIVA**

(A)     Todo proveedor que solicite la aprobación de un curso para acreditación, podrá publicar sus ofrecimientos en cualesquiera mecanismos a través de los cuales se realice una divulgación efectiva dirigida a los profesionales del Derecho que pudieran tener interés en tomar los cursos.  Una vez aprobado el curso, será deber del proveedor anunciarlo de conformidad con la definición de la Regla 5(5).

(B)     La Junta divulgará mediante el Portal de la Rama Judicial en la red los cursos aprobados, a base de la información que conste en sus expedientes administrativos, la cual se mantendrá actualizada.

## CAPÍTULO IV    PROVEEDORES

**REGLA 17.  PROVEEDOR CERTIFICADO: REQUISITOS; PROCEDIMIENTO**

(A)    Requisitos

Una persona natural o jurídica interesada en que se le extienda licencia de Proveedor Certificado cumplirá con los siguientes requisitos:

(1)    haber ofrecido, durante los cuatro (4) años contados a partir de la fecha de aprobación de este Reglamento, cursos de educación jurídica continua que cumplieron con los requisitos para su acreditación;

(2)    demostrar que la misión de su programa de educación jurídica es el mejoramiento de los profesionales del Derecho a través de la educación jurídica;

(3)    demostrar que posee la solvencia económica necesaria para mantener un programa de educación jurídica continua de la más alta calidad;

(4)    demostrar que sus actividades están dirigidas primordialmente a los profesionales del Derecho;

(5)    comprometerse a cumplir con la misión y los propósitos del Programa de Educación Jurídica Continua obligatoria.

(B)    Procedimiento

La persona natural o jurídica interesada en que se le licencie como Proveedor Certificado presentará una solicitud en el formulario provisto por la Junta, con la siguiente información:

(1)    nombre del proveedor, dirección, teléfono, fax, correo electrónico;

(2)    nombre y título de la persona contacto;

(3)    descripción de cada actividad o curso de educación jurídica continua ofrecido durante los últimos cuatro (4) años anteriores a la solicitud, con la siguiente información:

    (a)    título del curso y su descripción;

    (b)    fecha y lugar de celebración;

    (c)    costo de registro o matrícula;

    (d)    prontuario o contenido del curso;

    (e)    nombres de los recursos y calificaciones profesionales;

    (f)    descripción de los materiales distribuidos a los participantes;

    (g)    horas acreditadas;

    (h)    distribución de horas por categoría o asunto (ej: aspectos sustantivos, aspectos de la práctica de la profesión, ejercicios, preguntas);

    (i)    audiencia a la cual fue dirigida el curso;

    (j)    indicar si el curso fue anunciado como abierto al público, o si fue ofrecido exclusivamente a un grupo en particular;

    (k)    método para evaluar el curso (ejs: evaluación por los y las participantes, evaluador independiente)

    (l)    formato de presentación (ejs: salón de clases, vídeo, circuito cerrado, transmisión simultánea, estudio individual, computadora);

    (m)    mecanismos para constatar el aprovecha-miento académico del curso;

(4)    anejos y documentos que acreditan la información requerida en el inciso B (3);

(5)    descripción de su experiencia en el campo jurídico, de sus facilidades físicas y de la preparación de las personas a cargo de la organización, enseñanza y supervisión de su programa;

(6)    jurisdicciones en las que se le ha extendido licencia como Proveedor Certificado, si alguna;

(7)    incluir, cuando se trate de una corporación, el Certificado de Cumplimiento ("Good Standing") expedido por el Departamento de Estado, copia del certificado de incorporación, de los estatutos corporativos y del último informe anual;

(8)    copia del último estado financiero auditado;

(9)    certificación de que ha rendido planillas de contribución sobre ingresos durante los últimos cinco (5) años;

(10)    declaración de que se compromete a cumplir con la misión del programa de educación jurídica continua y con todos los requisitos establecidos por el Tribunal Supremo en este Reglamento y disposiciones relacionadas.

(C)    Extendida la licencia de Proveedor Certificado, los cursos que ofrezca el proveedor se considerarán pre-aprobados una vez los informe a la Junta de conformidad con los requisitos de la Regla 11(A)(1),(2),(3) y (5). La Junta, en el ejercicio de su facultad, podrá denegar la aprobación de cualquier curso que no cumpla con los requisitos de este Reglamento, en cuyo caso lo notificará al proveedor con suficiente antelación. Los casos de incumplimiento podrán conllevar la revocación de la licencia extendida.

(D)    La licencia de Proveedor Certificado tendrá una vigencia de dos (2) años y el proveedor, si interesa continuar, deberá solicitar su renovación para cada período subsiguiente.

**COMENTARIO**

El curso es el objeto principal de la reglamentación del programa de educación jurídica continua obligatoria. La figura del proveedor queda enmarcada en este principio general al reglamentarse en el contexto de la certificación para ofrecer cursos, pues de esa manera se facilita la función evaluadora de la enorme cantidad de cursos que se generarán en cada período de cumplimiento. La reglamentación hace una distinción de carácter provisional en la Regla 18 basada en razones de necesidad, que permite comenzar el programa con un grupo de proveedores de reconocida experiencia en la educación jurídica, pero que se mantiene igualmente enfocada en la facultad de la Junta para supervisar los cursos ofrecidos por éstos. Este enfoque de aprobación curso a curso permite, además, contar con un mecanismo flexible para certificar sobre la

marcha a aquellos proveedores que cumplen con los parámetros y normas del programa.

## REGLA 18. CERTIFICACIÓN PROVISIONAL DE PROVEEDORES

(A) De así solicitarlo, la Junta extenderá una Certificación Provisional de Proveedores por un período de cuatro (4) años, a los programas de educación jurídica continua de las Escuelas de Derecho reconocidas por el Tribunal Supremo y acreditadas por la American Bar Association, la Facultad de Derecho Eugenio María de Hostos y el Colegio de Abogados de Puerto Rico.

(B) Las organizaciones e instituciones antes indicadas presentarán la solicitud con la información que requiere la Regla 17(B) de este Reglamento.

(C) Una vez se les extienda la Certificación Provisional de Proveedores, los cursos que ofrezcan estas organizaciones e instituciones, se considerarán pre-aprobados siempre y cuando sean informados a la Junta de conformidad con los requisitos de la Regla 11(A)(1),(2),(3) y (5). La Junta, en el ejercicio de su facultad, podrá denegar la aprobación de cualquier curso que no cumpla con los requisitos de este Reglamento, en cuyo caso lo notificará al proveedor con suficiente antelación. Los casos de incumplimiento podrán conllevar la revocación de la licencia extendida.

(D) Transcurrido el período provisional de cuatro (4) años, estas organizaciones e instituciones quedarán en igual situación que los demás proveedores y podrán solicitar licencia de Proveedor Certificado de conformidad con la Regla 17.

## COMENTARIO

El mecanismo de esta Regla se adopta de manera provisional con el propósito de facilitar la administración del programa de educación jurídica continua obligatoria en su etapa inicial y permitirle a la Junta adquirir sobre la marcha mayor experiencia en la administración del programa. El resultado de esta experiencia permitirá a la Junta más

adelante decidir si, en efecto, este mecanismo debe adoptarse de manera definitiva, modificarse o eliminarse .

**REGLA 19. DEBERES DEL PROVEEDOR SOBRE APROVECHAMIENTO ACADÉMICO**

(A)  Todo  proveedor realizará evaluaciones continuas y sistemáticas en cuanto a logros de objetivos educativos, diseño de programas, métodos pedagógicos, contenido de materiales, calidad de los recursos, entre otros.

(B)  A solicitud de la Junta, el proveedor rendirá informes sobre cómo los mecanismos utilizados logran el aprovechamiento académico de sus cursos, los objetivos del programa, la continua presencia y la participación real y efectiva de los asistentes.

(C)  La Junta podrá verificar la eficacia de estos mecanismos a través de procedimientos que con ese propósito establezca.  Todo proveedor conservará los documentos y expedientes relacionados con el cumplimiento de esta regla, para su eventual inspección por la Junta, por un término de cinco (5) años.

**COMENTARIO**

La motivación es un elemento esencial para obtener un aprovechamiento académico efectivo en la educación jurídica. La Regla 6(b) del *Reglamento* de 1998 plasmó ese importante elemento al requerir que se desarrollen medidas para estimular y comprobar el aprovechamiento efectivo de todo curso ofrecido.

En este sentido, para alcanzar los objetivos del programa de educación jurídica continua obligatoria y ante el interés de lograr cumplimiento específico y no pro-forma, es primordial que se adopten mecanismos adecuados y necesarios para asegurar el aprovechamiento académico, sin el cual no es posible mantener un control de calidad en los ofrecimientos y asegurar que cada curso cumple el propósito educativo para el cual fue diseñado. La exigencia de dichos mecanismos no implica necesariamente que se requerirá administrar exámenes a los participantes.

Este asunto del aprovechamiento académico fue discutido y analizado desde distintas perspectivas por los miembros de la Junta. Se trata de un asunto complejo cuyas implicaciones requiere ponderar múltiples elementos. Como resultado de esas discusiones, la Junta recomienda conceder un tiempo a los proveedores para que establezcan estándares y mecanismos dirigidos a medir el aprovechamiento académico de sus cursos. A este fin podrán beneficiarse de la experiencia de los proveedores de otras jurisdicciones y de guías como las del estudio *MCLE: A Coordinated Approach, Report and Recommendations, The Association for Continuing Legal Education, American Law Institute, American Bar Association Committee on Continuing Professional Education, 1997.*

Si luego de realizar el cotejo de esos mecanismos por un tiempo razonable se determina que no se están logrando las metas académicas que se visualizaron, la Junta podría proponerle al Tribunal Supremo las recomendaciones que entienda necesarias, como por ejemplo, considerar la posibilidad de que la designación de Proveedor Certificado sea por un período más corto de tiempo.

## REGLA 20.  RECURSOS

(A)     Todo proveedor establecerá los mecanismos necesarios que garanticen que las profesoras y los profesores que participen como recursos en la educación jurídica continua poseen las calificaciones, la competencia profesional y las destrezas pedagógicas que permitan una enseñanza provechosa de los cursos.

(B)     El Director(a), al momento de la aprobación de cursos, verificará si el proveedor cumple con esta regla.

**COMENTARIO**

La regla establece la responsabilidad de todo proveedor de desarrollar mecanismos que le permitan contar con los mejores profesionales del Derecho que actúen como recursos para ofrecer la educación jurídica continua.  La certificación de proveedor que le concede el Tribunal le impone el deber de asegurarse de que cada curso ofrecido para fines de acreditación estimula y contribuye al mejoramiento profesional de los profesionales del Derecho participantes.

## REGLA 21.  ACTIVIDADES NO RELACIONADAS CON EDUCACIÓN JURÍDICA CONTINUA

Si el proveedor combina un curso con otras actividades que no son objeto de acreditación por la Junta, expresará en los documentos

que rinda, el tiempo exacto dedicado a la educación jurídica continua y el tiempo dedicado a la otra actividad.

## REGLA 22.  DEBER DE PROVEER ACOMODO RAZONABLE

Todo proveedor ofrecerá acomodo razonable al profesional del Derecho que lo solicite por razón de algún impedimento, para que pueda cumplir con el requisito de educación jurídica continua obligatoria.

## COMENTARIO

La Regla se refiere al deber del proveedor de ofrecer acomodo razonable de conformidad con las leyes que imponen esta obligación a las entidades que brindan un servicio al público.  Se basa en la Ley de Prohibición de Discrimen contra Impedidos, núm. 44 de 2 de julio de 1985, según enmendada, 1 L.P.R.A. 501 y sigs., la American with Disabilities Act (ADA), Pub. L. 101-336, julio 26, 1990, 42 U.S.C.A. 1201 y sigs. y la sección 9 de las Reglas Modelo de Educación Jurídica Continua promulgadas por la American Bar Association.  El impedimento ha de ser uno de los que están cubiertos por la ley ADA.

## REGLA 23.  EXPEDIENTES DE LOS CURSOS

(A)     Todo proveedor conservará por un término de cinco (5) años los expedientes sobre los cursos que haya ofrecido para propósitos de acreditación y los mantendrá a la disposición de la Junta para inspección cuando ésta se lo requiera.

(B)     Los expedientes incluirán la información esencial para la acreditación de la educación jurídica continua:

(1)     identificación de los cursos;
(2)     recursos que participaron;
(3)     listas de asistencia con las firmas de quienes tomaron los cursos;
(4)     evaluaciones de los cursos por parte de los profesionales del Derecho que los tomaron;
(5)     certificaciones de participación expedidas y certificaciones relacionadas;
(6)     utilización de mecanismos tecnológicos o de otra índole para la enseñanza en forma individual o a distancia;
(7)     informes sobre aprovechamiento académico de los cursos y;
(8)     cualquier otra información pertinente.

## CAPÍTULO V        PROCEDIMIENTOS ANTE LA JUNTA

## REGLA 24.  PETICIONES

(A)    Cualquier persona interesada en una determinación de la Junta podrá presentar por escrito cualquiera de las siguientes solicitudes:

      (1)    licencia de proveedor certificado al amparo de la Regla 17;

      (2)    certificación provisional de proveedor al amparo de la Regla 18;

      (3)    acreditación de cursos conforme a la Regla 11(B);

      (4)    exoneración bajo la Regla 4(C)(3)(c) y (d);

      (5)    diferimiento bajo la Regla 4(C)(3)(d);

      (6)    cualquier otra petición que pudiera surgir de la aplicación de este Reglamento.

(C)    Requisitos:

      (1)    La solicitud será presentada en el formulario provisto por la Junta, describirá en forma detallada y precisa el propósito e incluirá los documentos pertinentes que apoyan la misma.  En ausencia de un formulario, la persona interesada determinará la forma de hacerlo, siempre que conste por escrito.

      (2)    La solicitud para la designación como Proveedor Certificado incluirá la información requerida en la Regla 17.

      (3)    La solicitud para la acreditación de cursos incluirá la información requerida en la Regla 11(B).

## REGLA 25.  EVALUACIÓN;  DETERMINACIÓN

(A)  El(la) Director(a) evaluará las solicitudes que hayan sido debidamente presentadas.

(B)  Toda solicitud que no cumpla con los requisitos de este Reglamento o que esté incompleta podrá ser denegada por el(la) Director(a).

(D)  En la evaluación de la solicitud, el(la) Director(a) podrá requerirle información adicional al solicitante.

(D)  El(la) Director(a) podrá conceder la solicitud en todo o en parte o denegarla.  En ambos casos, deberá notificar su decisión al solicitante.

## REGLA 26.  REVISIÓN DE LAS DECISIONES DEL DIRECTOR(A)

(A)  Reconsideración:

La persona que no esté conforme con la decisión, podrá solicitar del Director(a) la reconsideración, con tal que lo haga dentro de los quince (15) días siguientes a la notificación de la decisión. Expresará las razones en que se fundamenta y podrá solicitar la celebración de una vista informal, que será concedida a discreción del Director(a).  Éste resolverá la reconsideración dentro de los diez (10) días siguientes a su presentación.

(B)  Apelación ante la Junta:

La persona que no esté conforme con la determinación en reconsideración del Director(a) podrá presentar ante la Junta un recurso de apelación con tal que lo haga dentro de los diez (10) días siguientes a la fecha de notificación de la decisión.

(C)  Los anteriores términos son de cumplimiento estricto, prorrogables por justa causa que se expondrá en la petición.

## REGLA 27.  REVISIÓN ANTE EL TRIBUNAL SUPREMO

Las decisiones de la Junta serán finales.  Podrán ser revisadas por el Tribunal Supremo mediante una solicitud de certiorari presentada

dentro de los diez (10) días siguientes a la notificación de la decisión de la Junta.  Dicho término es de cumplimiento estricto.

## CAPÍTULO VI    CUMPLIMIENTO POR PROFESIONALES DEL DERECHO

## REGLA 28.  MÍNIMO DE HORAS CRÉDITO;  INFORME DE CUMPLIMIENTO

(A)    Todo profesional del Derecho cumplirá con los requisitos mínimos de horas crédito que se disponen en la Regla 6 del *Reglamento* de 1998.  Presentará ante la Junta, en el formulario provisto para ello, un informe de cumplimiento tan pronto haya completado las veinticuatro (24) horas crédito correspondientes al período, pero nunca más tarde de los treinta (30) días siguientes a la terminación del período de cumplimiento.  Este informe podrá ser presentado mediante entrega personal, correo, facsímil o cualquier medio electrónico.

(B)    Todo profesional del Derecho que en virtud de la Regla 4(C) está excluido de cumplir con la educación jurídica continua, rendirá el informe de cumplimiento en cada período indicando la exclusión bajo la cual no está obligado a tomar los cursos requeridos.  El profesional del Derecho que haya solicitado ante la Junta y obtenido una exención de cumplimiento, rendirá también dicho informe, en el que explicará la exención que le fue concedida.

(C)    El profesional del Derecho indicará en el informe de cumplimiento cualquier cambio en su dirección física y postal.

(D)    La Junta establecerá un mecanismo escalonado para el cumplimiento con esta Regla en fechas distintas.

## REGLA 29.  AVISO DE INCUMPLIMIENTO

Dentro de los treinta (30) días siguientes a la terminación de cada período de cumplimiento, la Junta notificará un Aviso de Incumplimiento a todo profesional del Derecho que no haya rendido el informe requerido por la Regla 28.

**COMENTARIO**

La regla reitera lo dispuesto en la Regla 9(a) del *Reglamento* de 1998, que requiere la notificación de un Aviso de Incumplimiento a los profesionales del Derecho que no hayan informado las horas crédito de los cursos de educación jurídica continua tomados en el periodo de cumplimiento.

## REGLA 30.  CUMPLIMIENTO TARDÍO

Todo profesional del Derecho que incumpla su obligación de presentar el informe requerido por la Regla 28, podrá presentar el informe dentro de los treinta (30) días siguientes a la notificación del Aviso de Incumplimiento.  En el mismo explicará las razones que justifican el cumplimiento tardío e incluirá la cuota de $50.00 mediante cheque o giro postal.

**COMENTARIO**

La Regla 9 (b) del *Reglamento* de 1998, concede un término de treinta (30) días contados a partir del Aviso de Incumplimiento para informar a la Junta las razones por las cuales el informe no fue presentado a tiempo.

En virtud de la facultad conferida a la Junta de adoptar las reglas necesarias para la administración eficiente de este Reglamento, se dispone que el cumplimiento tardío conllevará automáticamente el pago de una cuota de $50.00 pagadera mediante cheque o giro postal para atender los gastos operacionales de la Junta en el descargo de sus funciones.  En la mayoría de las jurisdicciones consultadas, se provee para el pago de cuotas por la presentación tardía del informe de cumplimiento.  Véanse Regla 6-A - $50 (Alabama);  sección 5.01 - $75 (Arkansas);  Regulation 111(a) - $50

(Colorado); Regla 6(c) - $150 (Louisiana); Regla 9C - $50 (Minnesota); sección

.1608(b) - $75 (North Carolina); sección 18 - $100 (Pennsylvania).


## REGLA 31. INCUMPLIMIENTO; CITACIÓN

(A) Transcurrido el término sin que se haya presentado el informe de cumplimiento, el(la) Director(a) citará por escrito al profesional del Derecho a una vista informal.

(B) La citación incluirá lo siguiente: el propósito de la vista, la fecha y lugar de la misma, y el período incumplido.

## COMENTARIO

La regla se basa en los incisos (d)(2) y 9 (c) de la Regla 8 del *Reglamento* de

1998, que confieren a la Junta la facultad de considerar casos de incumplimiento y

requerir la comparencia del profesional del Derecho en tales casos.


## REGLA 32. VISTA INFORMAL ANTE EL DIRECTOR(A)

(A) El profesional del Derecho citado a una vista informal por incumplimiento expondrá las razones que justifiquen su incumplimiento y presentará la prueba de que disponga.

(B) El Director(a) evaluará las razones expuestas y resolverá lo que proceda conforme a la reglamentación aplicable.

(C) En caso de incomparecencia, la Junta remitirá el asunto al Tribunal Supremo de conformidad con lo dispuesto en la Regla 9 del *Reglamento* de 1998.

(D) Toda determinación del Director(a) será notificada oportunamente al profesional del Derecho concernido.

**COMENTARIO**

La Regla 8(d)(2) del *Reglamento* de 1998 faculta a la Junta a considerar casos de incumplimiento y rendir los informes correspondientes luego de haberle dado a la persona afectada la oportunidad de ser oída, mientras que la Regla 9(c) ordena remitir al Tribunal Supremo los casos de incomparecencia de los profesionales del Derecho.

**CAPÍTULO VII   MECANISMOS ALTERNOS DE CUMPLIMIENTO Y OTRAS DISPOSICIONES**

**REGLA 33.  PARTICIPACIÓN COMO RECURSOS**

Los profesionales del Derecho que participen como recursos en la educación jurídica continua recibirán acreditación por esta función cuando presenten ante la Junta su solicitud y la certificación del proveedor en que conste su participación y horas de enseñanza.

**REGLA 34.  PUBLICACIÓN DE OBRAS DE CONTENIDO JURÍDICO**

Los profesionales del Derecho que publiquen libros de contenido jurídico y artículos en revistas jurídicas reconocidas recibirán acreditación por estas publicaciones, que no rebasará dos(2) períodos de cumplimiento, cuando presenten su solicitud con la evidencia pertinente sobre la publicación realizada y horas dedicadas. Corresponderá al Director(a) y en última instancia a la Junta determinar la cantidad de horas crédito a ser acreditadas por dichas publicaciones.

**COMENTARIO A REGLAS 33 Y 34:**

Las Reglas 33 y 34 se basan en los incisos (a) y (b) de la Regla 7 del *Reglamento* de 1998 que reconocen como mecanismos alternos de cumplimiento la publicación de libros de contenido jurídico, artículos en revistas jurídicas reconocidas y la enseñanza de cursos de educación jurídica continua.  Se añade el requisito de la presentación de una solicitud con los documentos pertinentes para que el profesional de Derecho provea a la Junta la información que permitirá determinar las horas que serán acreditadas.

## REGLA 35.  ESTUDIOS DE MAESTRÍA Y DOCTORADO

Todo profesional del Derecho que haya completado un grado de Maestría en Derecho en alguna universidad reconocida por el Consejo de Educación Superior, estará relevado de tomar cursos de educación jurídica continua durante un período de dos (2) años, término que se contará a partir de la fecha de obtención del grado.  Si el grado obtenido es un Doctorado en Ciencias Jurídicas o su equivalente en Derecho, el período de exención será de cuatro (4) años, contado a partir de la fecha de obtención del grado.

## COMENTARIO

La regla se basa en la Regla 7 (c) del *Reglamento* de 1998, que reconoce como mecanismo alterno de cumplimiento los estudios postgraduados en Derecho cursados en las universidades reconocidas por el Consejo de Educación Superior de Puerto Rico. Con esta disposición se pretende estimular a los profesionales del Derecho a mejorarse profesionalmente a través de estudios con los que igualmente se alcanzan los fines del programa de educación jurídica continua obligatoria.

## REGLA 36.  PARTICIPACIÓN EN COMISIONES, JUNTAS, COMITÉS DEL TRIBUNAL SUPREMO Y COMO REDACTOR(A) O CORRECTOR(A) DE REVÁLIDA

(A)  Estarán relevados de cumplir con los términos de este Reglamento, mientras dure su designación, todo profesional del Derecho que sirva en:

(1)  la Comisión de Disciplina y de Separación del Servicio por Razones de Salud de Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones;

(2)  la Comisión de Reputación para el Ejercicio de la Abogacía;

(3)  la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría;

(4)     la Junta de Educación Jurídica Continua;

(5)     los comités asesores permanentes y ad hoc activos del Secretariado de la Conferencia Judicial y Notarial;

(6)     los comités de redactores y correctores de las reválidas general y notarial designados de conformidad con el Reglamento para la Admisión de Aspirantes al Ejercicio de la Abogacía y la Notaría;

(7)     otros comités, comisiones o juntas que a juicio del Tribunal Supremo deban ser relevadas de cumplir con este Programa.

## REGLA 37.  ACREDITACIÓN RETROACTIVA

(A)     La Junta acreditará los cursos de educación jurídica continua que los profesionales del Derecho hayan tomado en los tres (3) años anteriores a la fecha de vigencia de este Reglamento.

(B)     Para obtener la acreditación será necesario presentar una solicitud de conformidad con la Regla 11(B)(1), (2) y (3), e incluir la certificación del proveedor que acredite la participación del profesional del Derecho en los cursos.

(C)     La Junta se reserva la facultad de determinar si estos cursos cumplen con los criterios establecidos para su acreditación y podrá solicitar la información que estime pertinente a tal propósito.

## REGLA 38.  NOTIFICACIONES DEL DIRECTOR(A) O DE LA JUNTA;  MODOS DE REALIZARLAS

Las notificaciones del Director(a) o de la Junta a los profesionales del Derecho y a los proveedores podrán ser realizadas a través del correo ordinario, facsímil o medios electrónicos.

**COMENTARIO**

La aplicación de este Reglamento requiere realizar una cantidad de comunicaciones y notificaciones del Director(a) o de la Junta a los profesionales del Derecho y a los proveedores. A modo de ejemplo y para facilitar la comprensión de la estructura del Reglamento, se incluye a continuación una lista de estas notificaciones:

*A profesionales del Derecho:*

(1) Acreditación de cursos (Regla 11(B), total, parcial o denegar acreditación (Regla 26(B), (D));

(2) Requerimiento de información adicional para acreditación de cursos (Regla25(C));

(3) Acreditación por participación como recurso (Regla 33);

(4) Acreditación por publicación de obras jurídicas (Regla 34);

(5) Acreditación retroactiva de cursos (Regla 37);

(6) Relevo de la educación jurídica continua por estudios de maestría y doctorado (Regla 35);

(7) Relevo de la educación jurídica continua por participar en juntas y comisiones del Tribunal Supremo, redacción y corrección de reválidas (Regla 36);

(8) Aviso de Incumplimiento (Regla 29);

(9) Citación a vista informal por no presentar Informe de Cumplimiento (Regla 31);

(10) Determinación del Director(a) luego de vista (Regla 32(D));

(11) Señalamiento de vista en reconsideración (Regla 26(A));

(12) Decisión del Director (a) en reconsideración (Regla 26(A));

(13) Decisión de la Junta en apelación (Regla 27);

(14) Determinación de referir al Tribunal Supremo los casos de incumplimiento por incomparecencia (Regla 32(C));

(15) Exoneración de cumplimiento por incapacidad para ejercer la profesión (Regla 4(C)(3)(c));

(16) Exoneración de educación jurídica continua por justa causa (Regla 4(C)(3)(d));

(17) Diferimiento de la educación jurídica continua por justa causa (Regla 4(C)(3)(d);

(18) Cualquier otra relacionada con el cumplimiento de requisitos.

*A proveedores:*

(1) Certificación Provisional de Proveedor (Regla 18);

(2) Licencia de Proveedor Certificado (Regla 17);

(3) Aprobación de cursos, en todo o en parte (Regla 25(D));

(4) Denegar aprobación de cursos (Regla 11(A)(4), Regla 12, Regla 13, Regla 14, Regla 17(C), Regla 18(C), Regla 25 (B) y (D));

(5) Denegar solicitud de Proveedor Certificado (Regla 17);

(6) Aprobación de cursos a entidades profesionales privadas (Regla13);

(7) Aprobación de cursos a entidades profesionales públicas (Regla 14);

(8) Requerimiento de informes sobre comprobación de aprovechamiento académico (Regla 19(B));

(9) Notificación para inspección de documentos (Regla 19(C));

(10) Incumplimiento con mecanismos para garantizar idoneidad de recursos (Regla 20(B));

(11) Decisión del Director en reconsideración (Regla 26)

(12) Decisión de la Junta en apelación (Regla 27)

(13) Revocación de licencia por incumplimiento con el programa de educación jurídica continua (Regla 17(C), Regla 18(C));

(14) Requerimiento de información adicional (Regla 25(C));

(15) Cualquier otra relacionada con el cumplimiento de requisitos.

## REGLA 39.  SITUACIONES NO PREVISTAS

El Director(a), con la aprobación del Presidente o de la Presidenta de la Junta, podrá tomar medidas para atender situaciones no previstas en la forma que, a su juicio, sirva a los mejores intereses de todas las partes.

**REGLA 40.  SEPARABILIDAD**

Si por virtud de legislación o determinación  judicial cualquier disposición de este Reglamento es declarada nula o ineficaz en todo o en parte, la disposición se tendrá por no puesta y no afectará la validez de las demás disposiciones, las cuales continuarán en todo su vigor y eficacia.

**REGLA 41.  VIGENCIA**

Este Reglamento entrará en vigor en 18 meses a partir de su aprobación.

In re: Reglamento...
Voto Disidente
Página 47