Voto particular disidente emitido por el
Juez Presidente Señor Hernández Denton, al cual se unen las Juezas Asociadas Señora Fiol Matta y Señora Rodríguez Rodríguez.
Por entender que no debemos enmendar implícitamente el esquema de designación de representantes establecido para la Comisión Especial para Revisar el Funcionamiento del Programa de Educación Jurídica Continua (Comisión Especial), disentimos. En cambio, por los fundamentos ex-puestos a continuación, declararíamos “con lugar” la Mo *449 ción Informativa y Designación de Representantes Nombrados por la Procuradora General, presentada por la Procuradora General.
I
El 8 de abril de 2005, de acuerdo con nuestro poder inherente para reglamentar la profesión jurídica en Puerto Rico, aprobamos el Reglamento del Programa de Educación Jurídica Continua (PEJC). In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555 (2005). Tras implementarlo por varios años, el 13 de febrero de 2012, este Tribunal emitió la Resolución In re Com. Esp. Prog. Edu. Jur. Cont., 184 DPR 538 (2012), en la cual se creó la Comisión Especial para realizar un estudio sobre el manejo y funcionamiento del PEJC. En esta Resolución se dispuso claramente que la Comisión Especial estaría compuesta por
(1) un representante del Colegio de Abogados de Puerto Rico, (2) un representante de la Asociación de Abogados de Puerto Rico (Puerto Rico Lawyers’ Association),(3) un representante del Federal Bar Association, Capítulo de Puerto Rico, (4) dos abogados que trabajen en el sector público, a quienes nombrará el Procurador General, y (5) cuatro abogados que trabajen en el sector privado. (Enfasis suplido). Id., pág. 539.
Evidentemente, el propósito de este esquema es proveer la mayor participación de los diferentes sectores de la profesión a través de las entidades que los representan. Esto, mediante los nombramientos hechos por cada entidad.
En la misma Resolución concedimos un término de diez días a las diferentes organizaciones y al entonces Procurador General para que remitieran “los nombres de “sus respectivos representantes”. (Enfasis suplido). Id., pág. 540. También, nombramos los cuatro abogados representantes del sector privado, a saber: Ledo. Héctor Ramos Díaz como Presidente, Ledo. José L. Miranda de Hostos, Leda. Ivelisse Moyano Ares y Ledo. Edwin Ramos Rivera.
Por su parte, el Colegio de Abogados de Puerto Rico pre *450 sentó una Moción Informativa mediante la cual designó como su representante al Ledo. Eduardo Villanueva Muñoz. La Asociación de Abogados de Puerto Rico presentó una carta en la cual nombró al Ledo. Rafael Sánchez Hernández como su representante. El entonces Procurador General, Ledo. Luis R. Román Negrón, compareció mediante Escrito en Cumplimiento de Resolución para nombrar a las Ledas. Jeannette M. Collazo Ortiz y Vanessa Sánchez Mendiola. Así las cosas, el 24 de febrero de 2012 emitimos la Resolución EN-2012-3 en la que nos dimos por enterados de los escritos mencionados “en los que se designan a los siguientes miembros de la Comisión Especial [...]”. Es decir, aceptamos todos los nombramientos según propuestos.
Posteriormente, la Federal Bar Association compareció mediante Moción Informativa sobre Representante del FBA para informar que el Ledo. Roberto A. Cámara Fuertes era el designado para representarla. Igualmente, emitimos la Resolución EN-2012-7 en la que aceptamos la designación hecha por esa institución.
De esta manera quedó constituida la Comisión Especial de acuerdo con las designaciones hechas por cada grupo. Luego, el licenciado Ramos Díaz presentó una carta en la que expresó que “tanto el Procurador General como las organizaciones mencionadas cumplieron con esta disposición y designaron los representantes correspondientes” y solicitó que se convocara a la Comisión Especial para su primera reunión. (Enfasis suplido).(1)
La Comisión comenzó sus labores investigativas a partir de la primera reunión celebrada el 14 de junio de 2012. No obstante, mediante la Resolución EN-2012-3 emitida el 2 de julio de 2012, aceptamos una solicitud de cambio de representante sometida por el Colegio de Abogados de Puerto Rico. Una vez más, le reconocimos esa facultad de nombramiento a la organización.
Ahora bien, el 5 de abril de 2013, la Procuradora General, Hon. Margarita Mercado Echegaray, presentó la mo *451 ción en cuestión designando como sus representantes a la Leda. Karla Pacheco Álvarez y al Ledo. Jesús Alvarado Rivera. Solicitó que releváramos a las licenciadas Collazo Ortiz y Sánchez Mendiola de sus labores y aceptáramos el nombramiento de los nuevos representantes del sector público. Sin embargo, una mayoría de este Tribunal deniega esta solicitud a pesar de lo dispuesto en In re Com. Esp. Prog. Edu. Jur. Cont., supra, y del proceso seguido por este Tribunal para aceptar los nombramientos y sustituciones anteriores.
Hasta este momento, la Comisión Especial creada hace apenas un año ha funcionado sin reparos sobre su composición o sobre los cambios realizados. Desde su creación dispusimos que la entidad nominadora es quien tiene la discreción de nombrar y escoger sus representantes ante la Comisión Especial. No establecimos excepciones a esta norma. Por esto, tras un cambio en la Oficina del Procurador General, es lógico que esta entidad desee sustituir sus representantes ante la Comisión Especial. De esta forma se mantiene la representatividad del sector público. No obstante, al denegar la moción ante nos, una mayoría de este Tribunal está enmendando implícitamente la Resolución emitida por este Tribunal cuando creó la Comisión Especial. Consideramos que no se justifica este cambio y que procede aceptar la petición, precisamente, en aras de asegurar la mayor participación y representatividad de los diversos sectores de la profesión.
Por otro lado, estando pendiente esta moción, compareció el licenciado Ramos Díaz en nombre de los miembros que componen la Comisión Especial, excepto el representante del Colegio de Abogados de Puerto Rico, para exponer que la sustitución de los representantes del Procurador General causaría “un retraso en los trabajos de la Comisión Especial que están a punto de culminar”.(2) Añadió *452 que tampoco sería justo esperar que una persona que entrara a la Comisión en esta etapa, independientemente de sus capacidades, pudiera asimilar el producto del trabajo realizado. Asimismo, indica que el 10 de enero de 2013 presentaron un informe sobre las labores realizadas por la Comisión Especial en el cual se adelantó que se estaban discutiendo sus hallazgos y deliberando sobre el contenido del informe que deben presentar como resultado de la investigación.
En reacción a la posición del licenciado Ramos Díaz, el Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, la Leda. Ana Irma Rivera Lassén, y de su representante en la Comisión Especial, licenciado Reyes López, compareció para exponer que la etapa en la que se encuentra la investigación permite la incorporación de los nuevos representantes del sector público. Sostuvo que denegar la sustitución solicitada por la Procuradora General sería una desautorización del poder que le delegamos mediante la Resolución que compuso la Comisión Especial y que pone en duda la capacidad de la Procuradora General para designar y la capacidad de los comisionados de integrarse a los trabajos en marcha.
En específico, sobre el estado de la investigación explicó que lo que existe es un borrador inicial de diez páginas que se utiliza como herramienta de trabajo, que aún está pendiente una entrevista a la Junta de Educación Jurídica Continua y que todos los trabajos se han transcrito de forma que cualquier persona pueda tener la información completa sobre la investigación. Además, señaló que uno de los comisionados ha tenido un grave problema de ausentismo a las reuniones y vistas públicas, por lo que existe una presunción de que este se está beneficiando de la documentación recopilada y de las transcripciones para poder asumir su rol como representante.(3) Ello quiere decir que *453 un nuevo integrante también se podría beneficiar de esta información.
En este sentido, todos los miembros de la Comisión Especial coinciden en que todavía están investigando y que no han culminado los procesos deliberativos. Nos complace que el Presidente de la Comisión Especial entienda que las labores están muy adelantadas, pues ello pudiera querer decir que podríamos esperar el informe final en las próximas dos o tres semanas. No obstante, la realidad reflejada por el propio Presidente es que no han terminado con los hallazgos y las recomendaciones que nos presentarán. Por ello, en estos momentos, una sustitución en los representantes del sector público no provocará un disloque que afecte los trabajos de la Comisión Especial.
En fin, no debemos intervenir con la facultad delegada a los diferentes sectores de la profesión de designar sus respectivos representantes. No podemos utilizar como pretexto para cambiar el esquema de la Comisión Especial la supuesta etapa adelantada de la investigación o que se trate de una sustitución o renuncia de uno de sus miembros. Así fue establecido mediante la Resolución emitida y, como he-mos hecho hasta ahora, debe continuar respetándose la voluntad de cada sector.
Por todo lo anterior, disentimos del proceder de una mayoría de este Tribunal y aceptaríamos los nombramientos de la licenciada Pacheco Alvarez y del licenciado Alvarado Rivera como representantes del sector público.

 Carta dirigida al Juez Presidente de parte del Ledo. Héctor R. Ramos Díaz.

 Comparecencia con Relación a Moción Informativa y Designación de Representantes Nombrados por la Procuradora General.

 Reacción del Colegio de Abogados de Puerto Rico a Comparecencia con Relación a Moción Informativa y Designación de Representantes Nombrados por la Honorable Procuradora General de Puerto Rico.