EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Francisco J. Luis Paisán | 2014 TSPR 1 <br><br> 190 DPR ____ |

Número del Caso: TS-13,424


Fecha: 7 de enero de 2014


Programa Educación Jurídica Continua:

      Lcda. Geisa Marrero Martínez
      Directora Ejecutiva


Materia: Conducta Profesional – La suspensión del abogado será efectiva el 9 de enero de 2014, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Francisco J. Luis Paisán

TS- 13,424

PER CURIAM

En San Juan, Puerto Rico, a 7 de enero de 2014.

En esta ocasión, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la profesión por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC o Programa). Por los fundamentos que a continuación enunciamos, ordenamos la suspensión inmediata e indefinida del Lcdo. Francisco J. Luis Paisán (el licenciado Luis Paisán o el querellado) del ejercicio de la abogacía. Veamos los antecedentes fácticos que dieron origen a la querella de autos.

# I

El licenciado Luis Paisán fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la notaría el 16 de marzo del mismo año[1]. El 12 de diciembre de 2012, la Directora del Programa de Educación Jurídica Continua nos informó que el querellado había incumplido con los requisitos reglamentarios establecidos en el Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 555 (2005), en adelante "Reglamento de 2005", durante el periodo del 1 de febrero de 2007 al 31 de enero de 2009.

Según surge del *Informe sobre Incumplimiento con Requisitos de Educación Jurídica Continua*, el 25 de febrero de 2009 se le envió un aviso de incumplimiento al letrado otorgándole, entre otras alternativas, 60 días adicionales para que tomara los cursos. Ante ese requerimiento, el licenciado Luis Paisán no pagó la cuota por incumplimiento tardío establecido en la Regla 30 del Reglamento de 2005, supra.

Transcurrido el periodo para completar los requisitos reglamentarios y al no haberse dado el cumplimiento, el 18 de noviembre de 2010 el PEJC citó al abogado a una vista informal pautada para el 10 de diciembre de 2010. En la referida citación se le indicó que, de no poder acudir a la vista, podía comparecer por escrito expresando las razones, si alguna, que acreditaran justa causa al incumplimiento y

---

[1] Luego de examinar una comunicación hecha por el Colegio de Abogados de Puerto Rico apercibiendo que del expediente personal del querellado éste nunca juró como Notario, dimos por terminada su Fianza Notarial el 7 de mayo de 2002.

acompañara prueba para sustentar sus planteamientos. Además, se le advirtió que su escrito lo presentara al Programa dentro de los 10 días siguientes al envío de la notificación. El querellado no compareció a la vista informal, y tampoco por escrito, por lo que el Oficial Examinador recomendó que el asunto fuera remitido a nuestra atención conforme a lo dispuesto en la Regla 32(C) del Reglamento de 2005.

Así las cosas, luego de examinar el Informe presentado por el PEJC, el 26 de diciembre de 2012 emitimos una Resolución donde le concedimos al querellado un término de 20 días para que compareciera. También, le requerimos que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

En ese escenario, el 22 de enero de 2013 el licenciado Luis Paisán presentó una *Moción en Cumplimiento de Resolución* en la que expresó que su incomparecencia a la vista formal no se debió a su falta de interés o de respeto, sino a un descuido involuntario por una serie de problemas personales que le estaban afectando. Además, informó que estaba recopilando toda la documentación relacionada a los seminarios y cursos tomados durante los periodos de los años de 2007-2009, 2009-2011 y el de 2011-2013. Asimismo, nos solicitó que le concediéramos un término de 60 días para someter toda la evidencia y para

corregir cualquier deficiencia encontrada. Examinado el petitorio del querellado, el 30 de enero de 2013 emitimos una Resolución[2] en la que concedimos un término adicional de 30 días para cumplir con los requerimientos del Programa.

Ante esta situación, el 25 de junio de 2013 el querellado presentó otra *Moción en Cumplimiento de Resolución* donde expresó que sometió los informes de créditos necesarios para cumplir con los requisitos del PEJC. Examinada esa *Moción*, el 27 de junio de 2013 emitimos una Resolución en la que concedimos a la Directora del Programa de Educación Jurídica Continua del Tribunal Supremo un término de 30 días para expresarse sobre la misma.[3]

Consecuentemente, el 18 de julio de 2013, por conducto de su Directora Ejecutiva, la Lcda. Geisa Marrero Martínez, el Programa compareció y expresó que luego de evaluar las alegaciones del letrado y de verificar la totalidad de su expediente, éste presentó una comunicación con el fin de demostrar su cumplimiento con los requisitos exigidos por el Programa y acompañó una lista de los cursos tomados. De la información disponible se depsprende que la mayoría de los cursos fueron tomados en el Colegio de Contadores Públicos Autorizados de Puerto Rico. Sin embargo, no surge del expediente que el querellado haya realizado trámite

---

[2] La misma fue notificada mediante diligenciamiento personal el 30 de mayo de 2013.
[3] La misma fue notificada el 3 de julio de 2013.

alguno para la acreditación de tales cursos de conformidad con la Regla 11(B) del Reglamento de 2005, _supra_.

Cónsono con lo anterior, el PEJC coligió que el licenciado Luis Paisán no ha cumplido con los requisitos del Programa para los periodos de 2007-2009, 2009-2011 y 2011-2013. El querellado tampoco ha realizado el pago de la cuota por el cumplimiento tardío de cada uno de los mencionados periodos, según lo requiere la Regla 30 del Reglamento del 2005, _supra_.[4]

**II**

El Canon 2 del Código de Ética Profesional dispone que:

> [A] fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional… 4 L.P.R.A. ap. IX., C.2.

En virtud de lo anterior, el Reglamento del Programa de Educación Jurídica Continua del Tribunal Supremo, _supra_, estableció los mecanismos para cumplir con la obligación de tomar 24 créditos cada 2 años en cursos acreditables de educación jurídica continua que ofrezca alguna institución acreditada a esos propósitos. Los abogados tienen el deber de presentar ante la Junta del PEJC un informe que acredite

---

[4] El 16 de diciembre de 2013, a requerimiento nuestro, la Oficina del Programa de Educación Jurídica Continua nos emitió una Certificación donde acreditó que el Lcdo. Francisco J. Luis Paisán incumplió con los requisitos del Programa durante los periodos de 2007-2009, 2009-2011 y 2011-2013. El querellado no ha presentado evidencia alguna ni ha hecho gestión ulterior en respuesta a la _Moción en Cumplimiento de Resolución_ presentada por el PEJC el 18 de julio de 2013.

el cumplimiento con el mínimo de horas crédito a más tardar a los 30 días subsiguientes de finalizado cada periodo de cumplimiento.[5]

Todo abogado que tome cursos debe presentar una solicitud de aprobación o de acreditación para asegurar que cumple con los requisitos necesarios. La Regla 11 (B) del Reglamento de 2005 establece que:

> Un profesional del Derecho podrá presentar una solicitud para la aprobación o acreditación de un curso, independientemente de si éste lo ofrece o lo ofreció un proveedor certificado o una proveedora certificada, o cualquier otro proveedor o proveedora. La solicitud se presentará en el formulario provisto por la Junta…

En el caso de que un abogado cumpla tardíamente con los requisitos de la educación jurídica continua, deberá presentar un informe explicando las razones que justifiquen su tardanza y pagar una cuota.[6]

No obstante, si el abogado incumpliera las obligaciones previamente mencionadas, el Director de la Junta del PEJC le citará a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder.[7] Si el abogado no comparece a esa vista, el asunto será remitido a este Tribunal.[8] En ocasiones anteriores, hemos disciplinado profesionalmente a los letrados que han incumplido el requisito de cumplir con las horas de crédito de la educación jurídica continua. Véanse,

---

[5] Regla 28 del Reglamento de 2005, supra. Véase también, In re Grau Collazo, 185 D.P.R. 938 (2012).
[6] Regla 30 del Reglamento del Programa de Educación Jurídica Continua, supra.
[7] Regla 31, Íd.
[8] Regla 32, Íd.

In re Villamil Heguera, 2013 T.S.P.R. 61; In re Guzmán Rodríguez, 2013 T.S.P.R. 30.

**III**

En el caso de autos, el licenciado Luis Paisán no cumplió con los requisitos reglamentarios del PEJC. Examinado el expediente, vemos que no surge evidencia alguna que acredite el cumplimiento con las excepciones que le permitirían obviar estos requisitos.

Podemos colegir de los hechos ante nuestra consideración que al querellado se le dio la oportunidad de ser oído. Empero, no compareció a la vista señalada. El letrado tuvo suficientes oportunidades para cumplir los requerimientos de este Tribunal. **A pesar de haber presentado evidencia sobre los cursos que ha tomado, no surge del expediente que el licenciado Luis Paisán haya hecho las gestiones requeridas por la Regla 11 (B) del Reglamento de 2005 para asegurar la acreditación de los cursos presentados.** Es por esto que el PEJC sostiene que el querellado incumplió los requisitos establecidos de educación jurídica continua para los términos en cuestión.

La actitud pasiva demostrada por el querellado ante los requerimientos del PEJC es motivo de seria preocupación. Su tardanza en cumplir no solamente ha generado costos de recursos administrativos para el Programa, sino que también incide en el compromiso de todo abogado de mantener un alto grado de excelencia y

competencia establecido en el Canon 2 de Ética Profesional, 4 L.P.R.A. Ap. IX, C 2.

La falta de atención demostrada por el Lcdo. Francisco J. Luis Paisán ante los requerimientos de la Junta del PEJC y de este Tribunal no nos deja otra opción que suspenderle indefinidamente del ejercicio de la abogacía. No podemos avalar este comportamiento pues entendemos que incide en el compromiso ineludible que tiene todo abogado de mantener un grado de excelencia y competencia de la más alta calidad.

Ahora bien, la readmisión de un abogado posterior a una suspensión indefinida por motivo de su incumplimiento con las disposiciones del Reglamento del PEJC, quedará condicionada a que, dentro del término de un año, éste subsane el incumplimiento por el cual fue suspendido y tome los cursos correspondientes al término de su suspensión. <u>In re Piñeiro Vega</u>, 2013 T.S.P.R. 36. El letrado suspendido deberá hacer constar en su moción solicitando reinstalación, la forma en que cumplió con el requisito de educación jurídica continua pendiente por subsanar. <u>Íd</u>.

**IV**

Por los fundamentos que anteceden, **decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía del Lcdo. Francisco J. Luis Paisán**, según le fuera apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además,

tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Francisco J. Luis Paisán

TS-13,424

SENTENCIA

En San Juan, Puerto Rico, a 7 de enero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía del Lcdo. Francisco J. Luis Paisán por incumplir con el Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no completar los requisitos del Programa de Educación Jurídica Continua.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo