EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex Parte: Solicitud de la Asociación de Fotoperiodistas de Puerto Rico, et al. | 2014 TSPR 1-A 190 DPR ____ |

Número del Caso: MC-2014-1

Fecha: 8 de enero de 2014

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Solicitud de la Asociación
de Fotoperiodistas de          MC-2014-001
Puerto Rico, *et al.*

RESOLUCIÓN

San Juan, Puerto Rico, a 8 de enero de 2014.

La Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (Asociación de Periodistas y otros) comparecieron ante nos mediante *Petición especial de autorización para el uso de cámaras fotográficas y equipo audiovisual en vista oral ante el Tribunal Supremo al amparo de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico y del poder inherente y constitucional de la Rama Judicial para regular sus procedimientos*. Solicitaron que autoricemos la grabación y transmisión por cámaras fotográficas y equipo audiovisual de la vista oral pautada para el 15 de enero de 2014 sobre la reforma al Sistema de Retiro de la Judicatura, CT-2013-021.

Su petición fundamentada señala que, luego de la enmienda al Canon 15 de Ética Judicial, 4 L.P.R.A. Ap. IV-B, la Rama Judicial ha tomado medidas afirmativas para viabilizar el acceso de los ciudadanos a los desarrollos de los procesos judiciales mediante una cobertura más amplia de

los mismos. Reseña como logros de esta iniciativa, la autorización del uso de cámaras fotográficas y equipo audiovisual en la Sala de Recursos Extraordinarios del Centro Judicial de San Juan, así como la transmisión en vivo del acto de lectura de sentencia en el caso *Pueblo v. Malavé*, desde el Centro Judicial de Caguas. Véase, Ex parte: Asociación de Periodistas de Puerto Rico, 2013 T.S.P.R. 127, 189 D.P.R.___ (2013). Según los peticionarios:

> [l]a participación de los medios de comunicación de naturaleza audiovisual hizo realidad tangible la democracia vibrante que se desarrolla en Puerto Rico para el ciudadano ordinario[…].

> De esta forma el verdadero soberano en un régimen democrático, el Pueblo, pudo hacer su evaluación y juicio propio de la naturaleza de tan importante proceso gubernamental, sin los filtros y crisoles que únicamente pueden alcanzarse y garantizarse, cuando ese Pueblo puede oír, ver y apreciar en vivo y de forma directa tales procedimientos.

> Los medios de comunicación sirvieron también de instrumento efectivo para que la Rama Judicial divulgara con plena confianza y orgullo la pulcritud y transparencia de sus procesos. Petición, pág. 4.

Por ello, nos solicitan que permitamos la grabación y transmisión de la vista oral señalada para el caso de referencia, el cual, a su juicio, es uno de gran trascendencia e interés público. Por último, aducen que podemos, al amparo de nuestro poder inherente para regular los procesos judiciales, prescribir cualquier directriz especial que entendamos pertinente y necesaria para garantizar los derechos sustantivos de las partes y el buen desarrollo de la vista.

Por otro lado, el Sr. Jose Cancela, Presidente y Gerente General de Telemundo de Puerto Rico, compareció mediante una misiva en la cual solicita que "se permita el acceso de nuestras cámaras y equipo para hacer transmisiones en vivo a tan crucial proceso con el propósito de dar acceso al pueblo a la totalidad del debate". Fundamenta su petición en la importancia del caso y en la apertura que hemos demostrado desde la enmienda al Canon 15, *supra*, para permitir la cobertura mediática de los procesos judiciales.

Examinadas ambas peticiones, se autoriza, a modo de excepción, la cobertura y transmisión de la referida vista oral según el procedimiento dispuesto a continuación. Pesa en nuestra decisión el hecho de que, debido a la etapa procesal temprana en que certificamos el recurso, esta será la única

vista argumentativa previo a la disposición final de esta controversia de estricto derecho.

La transmisión y cobertura de la vista oral se regirá, de forma excepcional, por las disposiciones del Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales (Reglamento), siempre y cuando no sean contrarias o incompatibles con lo aquí dispuesto.

Debido a las limitaciones de espacio en el Salón de Sesiones, y a los fines de asegurar la solemnidad y el decoro del proceso judicial, se permitirá únicamente:

1. Una cámara de televisión o de grabación de imagen portátil a ser ubicada en la parte lateral izquierda de la Sala de Sesiones del Tribunal y otra en la parte posterior del salón. Ambas cámaras serán operadas por un medio de televisión a ser seleccionado mediante sorteo. Este medio solo podrá realizar tomas panorámicas durante la cobertura del proceso judicial.

2. Una cámara de fotografía a ser ubicada en la parte lateral izquierda de la Sala de Sesiones del Tribunal y otra en la parte posterior del salón. Ambas cámaras serán operadas por un representante de un medio de prensa escrita o digital (internet) que también será seleccionado mediante sorteo.

No se permitirá grabar imágenes o tomar fotografías mediante el uso de equipo electrónico adicional. Por otro lado, se permitirá, sujeto a las restricciones impuestas en el Canon 15, *supra*, y en el Reglamento:

1. El uso de grabadoras de audio portátiles sujeto a que su operación sea discreta y silenciosa.

2. El uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar **para recopilar y transmitir información escrita** a través del internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y **no se utilicen para fotografiar, grabar imágenes o audio, ni para radiodifundir ni televisar.**

Se designa al Director de la Oficina de Prensa y Relaciones con la Comunidad de la Oficina de Administración de los Tribunales, el Sr. Daniel Rodríguez León, como el funcionario enlace entre el Tribunal y los medios de comunicación. Este seleccionará, mediante sorteo, a los medios que podrán fotografiar y transmitir imágenes y audio de la vista oral.

Respecto a la petición particular de Telemundo de Puerto Rico de que se le permita utilizar sus cámaras y equipo para realizar la transmisión, esta entidad podrá participar del sorteo establecido en esta Resolución.

Recordamos a los medios de comunicación que, por la solemnidad del proceso judicial, deben ceñirse estrictamente a las disposiciones aplicables del Reglamento y a lo aquí dispuesto.

Publíquese y notifíquese por teléfono, electrónicamente, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo emitió un voto particular de conformidad. El Juez Asociado señor Estrella Martínez emitió un voto particular de conformidad, al cual se unió la Jueza Asociada señora Pabón Charneco. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                          Aida I. Oquendo Graulau
                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Solicitud de la Asociación
de Fotoperiodistas de
Puerto Rico, Et Als

    Ex-Parte                        MC-2014-0001

Voto Particular de Conformidad emitido por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 8 de enero de 2014.

Estoy muy complacido con la decisión que hemos tomado en el día de hoy de abrir a los medios de comunicación la transmisión en vivo de la vista oral del próximo 15 de enero de 2014. Ante la posición tan delicada en la cual las ramas políticas han puesto a la Rama Judicial, es de suma importancia que la transparencia en el proceso alcance su máxima expresión.

Es menester que los jueces y juezas que se desempeñan en nuestra Rama Judicial tengan la oportunidad, como obreros del Derecho y si sus obligaciones en sala no se lo impiden, de ver y

escuchar en vivo cada argumento a favor y en contra de los que son sus derechos e intereses. **Pero, más importante aún, es imprescindible que el País tenga la oportunidad de evaluar en vivo y en directo cada argumentación, de manera que pueda discernir los confines reales de esta controversia.**

Por todo lo anterior, mi voto es de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Solicitud de la Asociación
de Fotoperiodistas de Puerto
Rico, *et al.*

MC-2014-001

Voto particular de conformidad emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ a la que se une la Jueza Asociada señora PABÓN CHARNECO

San Juan, Puerto Rico, a 8 de enero de 2014.

Consecuentemente, he favorecido que los reclamos de los trabajadores y trabajadoras afectados por la reforma a los sistemas de retiro sean atendidos por este Tribunal en jurisdicción original, por la importancia y el interés público que revisten las controversias de esta naturaleza. Con el convencimiento de que es lo verdaderamente conveniente para Puerto Rico, nuevamente estoy conforme con la certificación de la controversia que hoy nos traen los servidores públicos de la judicatura.

Desde mi perspectiva, todos los servidores públicos, desde el conserje, el alguacil, la secretaria de sala y el juez que preside la misma, deben tener acceso a la justicia en el

momento oportuno para cuestionar el menoscabo de su derecho a la pensión.

Ante ese cuadro, solo me resta ser consecuente e impartirle mi conformidad a la celebración de la vista oral pautada, la cual será difundida por los medios de comunicación.

Por las razones expresadas, estoy conforme con la Resolución emitida por este Tribunal.


LUIS F. ESTRELLA MARTÍNEZ
Juez Asociado