EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

  Eugenio Prado Rodríguez | 2014 TSPR 48

190 DPR ____ |

Número del Caso: TS-3044


Fecha: 21 de febrero de 2014



Programa de Educación Jurídica Continua:

    Lcda. Geisa Marrero
    Directora



Materia: Conducta Profesional- Suspensión indefinida de la profesión por incumplir con el Programa de Educación Jurídica Continua.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re:*

                                        TS-3044
    Eugenio Prado Rodríguez


                        *Per Curiam*


En San Juan, Puerto Rico, a 21 de febrero de 2014.

    El licenciado Eugenio Prado Rodríguez fue admitido al ejercicio de la abogacía el 14 de diciembre de 1967 y juramentó como notario el 8 de febrero de 1968. El 24 de mayo de 2011, mediante carta presentada ante la Oficina de Inspección de Notaría, renunció voluntariamente al ejercicio de la notaría. Su obra notarial fue examinada, aprobada y entregada, por lo que el 24 de junio de 2011 dimos por terminada su fianza notarial.

    La Directora del Programa de Educación Jurídica Continua (Programa o PEJC), Lcda. Geisa M. Marrero Martínez, presentó un *Informe sobre incumplimiento con requisito de educación jurídica continua*

*(Incomparecencia a vista informal)* el 19 de marzo de 2013. En su informe resumió el procedimiento que llevó a cabo el Programa una vez el licenciado Prado Rodríguez fue notificado de su incumplimiento con los requisitos de educación continua. Según indica el informe, el PEJC le envió al licenciado un Aviso de Incumplimiento el 3 de abril de 2009. Le informó que, según los registros del PEJC, no había cumplido con los créditos requisitos para el periodo de 1 de marzo de 2007 al 28 de febrero de 2009. Además, le otorgó 60 días para tomar los créditos requeridos que no había completado y le informó que le correspondía pagar una cuota por cumplimiento tardío, según dispone la Regla 30 del Reglamento del Programa de Educación Jurídica Continua. Por último, se le apercibió que de no mostrar evidencia de haber tomado los cursos se le citaría a una vista informal conforme a la Regla 31 del Reglamento de 2005.

Por no cumplir con los créditos ni con el pago de la cuota, el 23 de diciembre de 2010, el PEJC le citó para una vista informal ante un Oficial Examinador. La citación enviada le advertía que si no comparecía personalmente o por escrito para expresar las razones por las cuales incumplió con los requisitos de educación jurídica continua se entendería que renunciaba a comparecer ante el PEJC. Además, se le apercibió que la Junta de Educación Jurídica Continua podía referir el asunto al Tribunal Supremo. El

licenciado Prado Rodríguez no compareció a la vista informal ni tampoco por escrito. El Oficial Examinador a cargo del caso recomendó remitir el asunto al Tribunal Supremo. Posteriormente, la Junta de Educación Jurídica Continua, al considerar que se le había dado tiempo suficiente para cumplir con los requisitos de educación jurídica, al igual que la oportunidad de ser oído, avaló la recomendación de rendir un informe al Tribunal Supremo.

En el informe presentado el 19 de marzo de 2013 por la Junta de Educación Jurídica Continua, la Directora del Programa expresó preocupación por la actitud pasiva del licenciado durante el proceso. Señaló también que la tardanza en cumplir con los requisitos, además de generar gastos de recursos administrativos para el PEJC, incidía "en el compromiso de mantener un alto grado de excelencia y competencia establecido en el Canon 2 de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 2, con el cual todo profesional del Derecho debe cumplir".[1]

El 9 de mayo de 2013 emitimos una Resolución, que fue notificada por correo certificado el 14 de mayo de 2013, en la que tomamos conocimiento del informe presentado por el Programa de Educación Jurídica Continua. Le concedimos al licenciado 20 días para que compareciera y mostrara causa por la cual no debiera ser suspendido del ejercicio de la

---

[1] *Informe sobre incumplimiento con requisito de educación jurídica continua (Incomparecencia a vista informal)*, pág. 2.

profesión de la abogacía por incumplir con los requisitos reglamentarios de educación continua. Al día de hoy, el licenciado Prado Rodríguez no ha comparecido.

I

Como parte de la responsabilidad del abogado de laborar porque toda persona tenga representación legal adecuada, el Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, impone el deber a los abogados y abogadas de realizar esfuerzos para lograr mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional. En virtud de nuestro poder inherente de reglamentar el ejercicio de la profesión jurídica, aprobamos el Reglamento de Educación Jurídica Continua para establecer un programa de educación jurídica continua que aliente y contribuya al mejoramiento profesional.[2]

La Regla 6 del Reglamento de Educación Jurídica Continua establece como requisito mínimo que los abogados y abogadas activas deben tomar por lo menos veinticuatro (24) horas créditos de educación jurídica continua en un periodo de dos años.[3] Por su parte, la Regla 28 del Reglamento del Programa de Educación Jurídica Continua (Reglamento de

---

[2] *In re Regl. Educ. Jur. Cont.,* 146 D.P.R. 494 (1998).

[3] Regla 6, *Íd.*

2005),[4] requiere también la presentación de un informe de cumplimiento una vez se hayan completado las veinticuatro horas créditos. Ese informe debe ser entregado dentro de los treinta días siguientes a la terminación del período de cumplimiento. El Reglamento de 2005 dispone que la Junta de Educación Jurídica emitirá un Aviso de Incumplimiento a aquellos abogados que no hayan rendido el informe requerido.[5] Los abogados que incumplan tendrán treinta días para presentarlo y, además, deberán pagar una cuota por cumplimiento tardío de $50 impuesta por la Regla 30 del Reglamento de 2005.[6]

Si el abogado no cumple con el requisito del informe, el Director o Directora del Programa citará por escrito al profesional a una vista informal.[7] Si este no comparece el Director o Directora remitirá el asunto al Tribunal Supremo.[8]

Por su parte, el Canon 9 dispone que la conducta de los abogados para con los tribunales debe caracterizarse por el

---

[4] Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 555 (2005). Este Reglamento fue adoptado por la Junta de Educación Continua en el año 2005 según dispuesto por la Regla 8(d)(7)del Reglamento de Educación Jurídica Continua, 146 D.P.R. 494 (1998).

[5] Regla 29 del Reglamento de 2005, supra.

[6] Regla 30, *Íd.*

[7] Regla 31, *Íd.*

[8] Regla 32, *Íd.*

mayor respeto.[9] Según hemos interpretado este canon, los abogados tienen la obligación de cumplir con los requerimientos y órdenes de este Tribunal, más aún cuando se trata de procedimientos disciplinarios.[10] Igualmente, hemos extendido esta obligación hacia cualquier otro foro que requiera la comparecencia del abogado.[11] La consecuencia del incumplimiento con las órdenes o requerimientos de este Tribunal ha sido, consistentemente, la suspensión indefinida del ejercicio de la profesión.[12]

II

El licenciado Prado Rodríguez incumplió con los requisitos de horas créditos exigidos por el Reglamento de Educación Jurídica Continua para el periodo de 1 de marzo de 2007 al 28 de febrero de 2009.[13] Además, el licenciado no

---

[9] 4 L.P.R.A. Ap. IX, C. 9.

[10] *In re Piñeiro Vega*, 2013 T.S.P.R. 36, 188 D.P.R. ___ (2013); *In re García Ortiz*, 187 D.P.R. 507 (2013); *In re Nieves Nieves*, 181 D.P.R. 25 (2011).

[11] *In re Piñeiro Vega, supra; In re García Ortiz*, supra.

[12] Véase, *In re Gail Ramos* Martínez, 2013 T.S.P.R. 124, 189 D.P.R. ____ (2013); *In re Carmen Camacho* Hernández, 2013 T.S.P.R. 96, 188 D.P.R. ____ (2013); *In re Piñeiro Vega, supra; In re García Ortiz*, supra.

[13] En su informe la Directora del Programa de Educación Jurídica Continua señala que, a ese momento, el licenciado tampoco había cumplido con los requisitos reglamentarios de los periodos correspondientes al 1 de marzo de 2009 al 28 de febrero de 2011 y al 1 de marzo de 2011 al 28 de febrero de 2013. Para estos periodos no se le había citado a una vista informal.

ha respondido a los avisos y citaciones cursados por el PEJC ni a la orden que emitiéramos el 9 de mayo de 2013 para que compareciera y mostrara causa por la cual no debía ser suspendido. Su actitud y su incumplimiento resultan preocupantes ya que, como expresamos recientemente, los requisitos de educación jurídica continua existen "para asegurar que nuestros letrados adquieran, desarrollen y actualicen sus destrezas jurídicas".[14] Por estas razones, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía.

Aprovechamos para recordarle al licenciado Prado Rodríguez que, para poder solicitar la reinstalación, deberá tomar, durante el año después de su suspensión, los cursos que correspondan a todas las horas créditos insatisfechas.[15] Además, deberá hacer constar en su petición escrita la forma en que cumplió con el requisito de educación jurídica continua según exige la Regla 10 del Reglamento del 2005.[16]

### III

Se decreta la suspensión indefinida del licenciado Eugenio Prado Rodríguez del ejercicio de la profesión. Deberá notificar a todos sus clientes de su inhabilidad

---

[14] *In re Piñeiro Vega, supra.*

[15] Regla 10, Reglamento del Programa de Educación Jurídica Continua, *supra.*

[16] *Íd.*

para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Eugenio Prado Rodríguez                    TS-3044

*SENTENCIA*

En San Juan, Puerto Rico, a 21 de febrero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integrante de la presente Sentencia, se decreta la suspensión indefinida del licenciado Eugenio Prado Rodríguez del ejercicio de la profesión. Deberá notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Pabón Charneco no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo