per curiam:
El licenciado Eugenio Prado Rodríguez fue admitido al ejercicio de la abogacía el 14 de diciembre de 1967 y juramentó como notario el 8 de febrero de 1968. El 24 de mayo de 2011, mediante carta presentada ante la *363 Oficina de Inspección de Notarías, renunció voluntaria-mente al ejercicio de la notaría. Su obra notarial fue exa-minada, aprobada y entregada, por lo que el 24 de junio de 2011 dimos por terminada su fianza notarial.
La Directora del Programa de Educación Jurídica Continua (Programa o PEJC), Leda. Geisa M. Marrero Martínez, presentó un Informe sobre incumplimiento con requisito de educación jurídica continua (incomparecencia a vista informal) (Informe) el 19 de marzo de 2013. En su informe resumió el procedimiento que llevó a cabo el Pro-grama una vez el licenciado Prado Rodríguez fue notificado de su incumplimiento con los requisitos de educación continua. Según indica el informe, el PEJC le envió al li-cenciado un Aviso de Incumplimiento el 3 de abril de 2009. Le informó que, según los registros del PEJC, no había cumplido con los créditos requisitos para el periodo de 1 de marzo de 2007 al 28 de febrero de 2009. Además, le otorgó 60 días para tomar los créditos requeridos que no había completado y le informó que le correspondía pagar una cuota por cumplimiento tardío, según dispone la Regla 30 del Reglamento del Programa de Educación Jurídica Continua. Por último, se le apercibió que de no mostrar evidencia de haber tomado los cursos se le citaría a una vista informal conforme a la Regla 31 del Reglamento de 2005 (In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555, 589 (2005)).
Por no cumplir con los créditos ni con el pago de la cuota, el 23 de diciembre de 2010 el PEJC le citó para una vista informal ante un Oficial Examinador. La citación en-viada le advertía que si no comparecía personalmente o por escrito para expresar las razones por las cuales incumplió con los requisitos de educación jurídica continua, se enten-dería que renunciaba a comparecer ante el PEJC. Además, se le apercibió que la Junta de Educación Jurídica Continua podía referir el asunto al Tribunal Supremo. El licen-ciado Prado Rodríguez no compareció a la vista informal ni *364 por escrito. El Oficial Examinador a cargo del caso reco-mendó remitir el asunto al Tribunal Supremo. Posterior-mente, la Junta de Educación Jurídica Continua, al consi-derar que se le había dado tiempo suficiente para cumplir con los requisitos de educación jurídica así como la oportu-nidad de ser oído, avaló la recomendación de rendir un informe al Tribunal Supremo.
En el informe presentado el 19 de marzo de 2013 por la Junta de Educación Jurídica Continua, la Directora del Programa expresó preocupación por la actitud pasiva del licenciado durante el proceso. Señaló también que la tar-danza en cumplir con los requisitos, además de generar gastos de recursos administrativos para el PEJC, incidía “en el compromiso de mantener un alto grado de excelencia y competencia establecido en el Canon 2 de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 2, con el cual todo profesional del Derecho debe cumplir”.(1)
El 9 de mayo de 2013 emitimos una Resolución, notificada por correo certificado el 14 de mayo de 2013, en la que tomamos conocimiento del informe presentado por el Programa. Le concedimos al licenciado veinte días para que compareciera y mostrara causa por la cual no debiera ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos reglamentarios de educación continua. Al día de hoy, el licenciado Prado Rodríguez no ha comparecido.
I
Como parte de la responsabilidad del abogado de laborar por que toda persona tenga representación legal adecuada, el Canon 2 del Código de Etica Profesional, 4 LPRAAp. IX, impone el deber a los abogados y las abogadas de realizar esfuerzos para lograr mantener un alto *365 grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional. En virtud de nuestro poder in-herente de reglamentar el ejercicio de la profesión jurídica, aprobamos el Reglamento de Educación Jurídica Continua para establecer un programa de educación jurídica continua que aliente y contribuya al mejoramiento profe-sional.(2)
La Regla 6 del Reglamento de Educación Jurídica Continua establece como requisito mínimo que los abogados y las abogadas activas deben tomar por lo menos veinticuatro horas créditos de educación jurídica continua en un periodo de dos años.(3) Por su parte, la Regla 28 del Reglamento del Programa de Educación Jurídica Continua (Reglamento de 2005)(4) requiere también la presentación de un informe de cumplimiento una vez se hayan completado las veinticuatro horas créditos. Ese informe debe entregarse dentro de los treinta días siguientes a la terminación del período de cumplimiento. El Reglamento de 2005 dispone que la Junta de Educación Jurídica emitirá un Aviso de Incumplimiento a aquellos abogados y aquellas abogadas que no hayan rendido el informe requerido.(5) Los abogados y las abogadas que incumplan tendrán treinta días para presentarlo y, además, deberán pagar una cuota por cumplimiento tardío de $50 impuesta por la Regla 30 del Reglamento de 2005.(6)
Si el abogado o la abogada no cumple con el requisito del informe, el Director o la Directora del Programa citará por *366 escrito al profesional a una vista informal.(7) Si no compa-rece, el Director o la Directora remitirá el asunto al Tribunal Supremo.(8)
Por su parte, el Canon 9 del Código de Ética Profesional dispone que la conducta de los abogados y las abogadas para con los tribunales debe caracterizarse por el mayor respeto.(9) Según hemos interpretado este canon, los abogados y las abogadas tienen la obligación de cumplir con los requerimientos y las órdenes de este Tribunal, más aún cuando se trata de procedimientos disciplinarios.(10) Igualmente, hemos extendido esta obligación hacia cualquier otro foro que requiera la comparecencia del abogado o de la abogada.(11) La consecuencia del incumplimiento con las órdenes o los requerimientos de este Tribunal ha sido, consistentemente, la suspensión indefinida del ejercicio de la profesión.(12)
II
El licenciado Prado Rodríguez incumplió con los requisitos de horas créditos exigidos por el Reglamento de Educación Jurídica Continua para el periodo de 1 de marzo de 2007 al 28 de febrero de 2009.(13) Además, el licenciado no ha respondido a los avisos y las citaciones cursados por el PEJC ni a la orden que emitiéramos el 9 de mayo de 2013 *367 para que compareciera y mostrara causa por la cual no debía ser suspendido. Su actitud y su incumplimiento re-sultan preocupantes ya que, como expresamos reciente-mente, los requisitos de educación jurídica continua exis-ten “para asegurar que nuestros letrados adquieran, desarrollen y actualicen sus destrezas jurídicas”.(14) Por es-tas razones, nos vemos obligados a suspenderlo indefinida-mente del ejercicio de la abogacía.
Aprovechamos para recordarle al licenciado Prado Rodríguez que, para poder solicitar la reinstalación, deberá tomar, durante el año después de su suspensión, los cursos que correspondan a todas las horas créditos que no ha cumplido.(15) Además, deberá hacer constar en su petición escrita la forma como cumplió con el requisito de educación jurídica continua según exige la Regla 10 del Reglamento del 2005.(16)
III

Se decreta la suspensión indefinida del licenciado Eugenio Prado Rodríguez del ejercicio de la profesión. Deberá notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios reci-bidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión “per curiam” y Sentencia.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco no intervino.

 Informe sobre incumplimiento con requisito de educación jurídica continua (incomparecencia a vista informal) (Informe), pág. 2.

 In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).

 Regla 6, id., pág. 497.

 In re Aprobación Regl. Prog. Educ. Jur., 164 DPR 555 (2005). La Junta de Educación Continua adoptó este Reglamento en el 2005 según dispuesto por la Regla 8(d)(7) del Reglamento de Educación Jurídica Continua, In re Regl. Educ. Jur. Cont., supra, pág. 499.

 Regla 29 del Reglamento de 2005, In re Aprobación Regl. Prog. Educ. Jur., supra, pág. 588.

 Regla 30, id.

 Regla 31, id., pág. 589.

 Regla 32, íd.

 4 LPRA Ap. IX, C. 9.

 In re Piñeiro Vega, 188 DPR 77 (2013); In re García Ortiz, 187 DPR 507 (2012); In re Nieves Nieves, 181 DPR 25 (2011).

 In re Piñeiro Vega, supra; In re García Ortiz, supra.

 Véanse: In re Ramos Martínez, 189 DPR 287 (2013); In re Camacho Hernández, 188 DPR 739 (2013); In re Piñeiro Vega, supra; In re García Ortiz, supra.

 En su informe, la Directora del Programa de Educación Jurídica Continua señala que, a ese momento, el licenciado tampoco había cumplido con los requisitos reglamentarios del periodo correspondiente al 1 de marzo de 2009 al 28 de febrero de 2011 y al periodo del 1 de marzo de 2011 al 28 de febrero de 2013. Para estos periodos no se le había citado a una vista informal.

 In re Piñeiro Vega, supra.

 Regla 10 del Reglamento de 2005, In re Aprobación Regl. Prog. Educ. Jur., supra, pág. 569.

 Íd.